SUPERIOR METAL PRODUCTS, INC., APPELLEE, *v.* ADMINISTRATOR, OHIO BUREAU OF EMPLOYMENT SERVICES, ET AL., APPELLANTS.

(No. 74-238—Decided February 26, 1975.)

*Messrs. Gooding, Evans & Huffman* and *Mr. John R. Evans,* for appellee.

*Mr. William J. Brown,* attorney general, *Mr. James E. Uprichard, Jr., Mr. John F. Livorno,* and *Mr. W. Sean Kelleher,* for appellant Bureau of Employment Services.

*Mr. Robert Wiesenmayer,* for appellant Sarah Frances Guess.

*Per Curiam.* Appellants contend: (1) That the Court of Appeals improperly substituted its judgment for that of the board on questions of fact; (2) that a court lacks power to remand a cause to the board; and (3) that the board lacks power to conduct further proceedings upon remand from a court. We disagree.

R. C. 4141.28(O), in pertinent part, provides:

"* * *If the court [of common pleas] finds that the decision [of the board] was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision."

Pursuant to App. R. 12 (B), a Court of Appeals, on review, has power to render the judgment which the Court of Common Pleas should have rendered.

Here, the court found that the board's decision was unreasonable and against the manifest weight of the evidence. After so finding, the court was required to reverse and vacate the board's decision, and this court declines to reconsider the question of the weight of the evidence. *Brown-Brockmeyer Co.* v. *Roach* (1947), 148 Ohio St. 511, 518.

The question of power to remand has recently been considered by this court in *Orley* v. *Kosydar* (1974), 40 Ohio St. 2d 97 and *Gennaro Pavers* v. *Kosydar* (1974), 38 Ohio St. 2d 174. Both the statute considered herein (R. C. 4141.28[O]) and in those cases (R. C. 5717.04), provide to a court only three modes for disposing of an appeal: (1) affirm, (2) reverse and vacate, or (3) modify and enter final judgment. However, in *Gennaro,* this court upheld

the power to remand after noting, in words applicable to this case, that "* * * R. C. 5717.04 does not deny to the Court of Appeals the power to remand a cause to the Board of Tax Appeals in the event the board's decision is found to be unreasonable or unlawful, except where a modification of the board's order is made."

This court holds that the power to reverse and vacate decisions necessarily includes the power to remand the cause to the decision maker.

Finally, appellants contend that after the decision of an administrative board has been appealed to the court or the time for appeal has expired, the board thereafter loses power to reconsider its decision. We do not question the validity of that proposition,[2] but it has little application to this case. Where an administrative decision has been reversed and vacated, as was done here, that decision is a nullity. Upon remand, the board is deciding anew, rather than *reconsidering* a prior decision.

This distinction is best illustrated by our judgment in *National Tube Co.* v. *Ayres* (1949), 152 Ohio St. 255, which concurrently remanded a cause to the Board of Tax Appeals for further proceedings, and held that the board lost power over its decisions as soon as appeal time expired or the courts assumed jurisdiction of an appeal.

Accordingly, we hold that a court's remand effectuates a revival of jurisdiction over a cause which may enable the subordinate tribunal or administrative body to conduct further proceedings and to render a new decision.

In view of the foregoing, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

HERBERT, J., concurs in the judgment only.

---

[2] See paragraph one of the syllabus in *National Tube Co.* v. *Ayres* (1949), 152 Ohio St. 255; paragraph one of the syllabus in *State, ex rel. Borsuk,* v. *Cleveland* (1972), 28 Ohio St. 2d 224; *State, ex rel. Prayner,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 120; and the syllabus in *Diltz* v. *Crouch* (1962), 173 Ohio St. 367.