HESSLEY, APPELLEE, *v.* GILES, ADMR., ET AL., APPELLANTS.

(No. 1202 — Decided May 20, 1985.)

*Thomas C. Brown,* for appellee.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Cheryl J. Nester,* for appellants.

FORD, J. On September 22, 1982, the claimant, Danny J. Hessley, filed an application for determination of benefit rights with respect to the benefit year beginning September 19, 1982. The Administrator of the Ohio Bureau of Employment Services (the "administrator") determined that the claimant was ineligible for benefits because he had been discharged for just cause by his former employer. Upon the request of the claimant, the administrator issued a reconsidered decision which affirmed the initial determination.

The claimant then appealed to the board of review (the "board"). On December 28, 1982, a referee held a hearing in Ashtabula, Ohio. All interested parties including claimant's former employer, a Michigan-based trucking company, were duly notified of the date and place of the hearing. At the hearing, the claimant appeared in person and gave testimony. The employer did not appear, nor was there any evidence that the employer's failure to appear was based on just cause. At the hearing, the referee did not render a decision as to claimant's eligibility.

A second hearing was set for March 22, 1983, in Kalamazoo, Michigan. All parties, including the claimant, were notified. The employer presented testimony; however, the claimant made no appearance at this hearing.

Based on the entire record, in-

cluding both hearings, the referee concluded that claimant had been discharged for just cause in connection with work and affirmed the administrator's decision denying benefits. Further appeal was disallowed by the board.

The matter was then appealed to the Court of Common Pleas of Ashtabula County. The court held that thè decision of the board was unlawful, unreasonable and against the manifest weight of the evidence and that two hearings were held contrary to law.

Appellants have appealed and present three assignments of error:

"1. The lower court erred in holding that the Board of Review had no authority to hold a split hearing in the instant case.

"2. The lower court erred in holding that the claimant had been denied a fair hearing by the fact that a second hearing was held in Michigan.

"3. Even if the Board of Review had not had authority to hold a split hearing in this case and had denied the claimant a fair hearing, the lower court erred in reversing the decision of the Board of Review rather than remanding the case for further hearing."

The appellants' first and second assignments of error are addressed together as each maintains that a bifurcated hearing was permitted. We disagree.

The Ohio Legislature has promulgated explicit rules to govern a party's failure to appear at a hearing before the board. These rules are set out in R.C. 4141.28(J)(2):

"* * * If the other party [the party who has not appealed] fails to appear at such hearing, the referee or the board shall proceed with the hearing and shall issue a decision without further hearing, provided due notice of the hearing was mailed to such party's last known address and good cause for his failure to appear is not shown * * *."

The facts of this case clearly indicate that the board did not comply with the above-cited statute. Due notice of the first hearing on December 28, 1982 was mailed to the employer, Michigan and Nebraska Transit Company. Included in the notice was a copy of the above-mentioned statute. Subsequently, the employer failed to appear at the scheduled hearing. The board's file is devoid of any evidence which would indicate that the employer had shown good cause for failing to appear. Despite this failure, the referee scheduled a second hearing in order to take the employer's testimony. Thus, the board violated the terms of R.C. 4141.28(J)(2). Accordingly, appellants' first and second assignments of error are overruled.

Appellants' third assignment of error contends that if the board's decision was unlawful, the trial court has authority to reverse and remand for a new decision. Appellants' assignment of error is without merit.

R.C. 4141.28(O) sets forth the scope of review by the courts. It provides that:

"* * * The appeal shall be heard upon * * * [the] record certified by the board. * * * If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise, such court shall affirm such decision. * * *"

If the trial court finds the board's decision unlawful, it is required to reverse the order. R.C. 4141.28(O). This power to reverse and vacate includes the power to remand the case to the administrative level. *Superior Metal Products, Inc.* v. *Admr., Ohio Bureau of Employment Services* (1975), 41 Ohio St. 2d 143, 146 [70 O.O.2d 263]. The judgment of the trial court did find the board's decision unlawful and, thus, remanded the case for further proceedings. The trial court did not enter

186

judgment for appellee. Thus, the assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Cook, J., concurs.

Dahling, P.J., concurs in judgment only.