THE STATE EX REL. COTTON, APPELLANT, *v.* GRIFFIN, JUDGE, APPELLEE.

[Cite as *State ex rel. Cotton v. Griffin* (1998), 81 Ohio St.3d 105.]

(No. 97–1692—Submitted December 2, 1997—Decided February 18, 1998.)

*Milton Cotton*, pro se.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Diane Smilanick*, Assistant Prosecuting Attorney, for appellee.

***Per Curiam.*** Cotton asserts that the court of appeals erred by granting Judge Griffin's motion for summary judgment and denying the writ. He claims entitlement to a writ of mandamus by alleging that Judge Griffin did not follow the mandate of the court of appeals in *Cotton* to enter a judgment vacating his conviction and sentence and discharging him.

Cotton is not entitled to a corrected common pleas court entry vacating his conviction and sentence and discharging him because he has already received this relief from the court of appeals. Although some of the *Cotton* opinion and entry refers to a "remand" to the common pleas court for "further proceedings consistent with this opinion," the entire entry and opinion in context leave no doubt that the court of appeals reversed Cotton's judgment of conviction and discharged him.[1] The court of appeals was authorized to enter this judgment. *Superior Metal Products, Inc. v. Ohio Bur. of Emp. Serv.* (1975), 41 Ohio St.2d 143, 145, 70 O.O.2d 263, 264, 324 N.E.2d 179, 181; *State v. Kline* (1983), 11 Ohio App.3d 208, 11 OBR 330, 464 N.E.2d 159; App.R. 12(B); R.C. 2953.07. An entry in the common pleas court vacating the judgment and ordering Cotton's discharge is unnecessary.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

1. The "Journal Entry and Opinion" in *Cotton* refers to the court of appeals' judgment as "JUDGMENT VACATED AND DEFENDANT DISCHARGED" and further states that "[t]his cause is vacated, the defendant discharged and the matter remanded to the lower court for further proceedings consistent with this opinion."