[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 105.]

THE STATE EX REL. COTTON, APPELLANT, *v.* GRIFFIN, JUDGE, APPELLEE.

[Cite as *State ex rel. Cotton v. Griffin*, 1998-Ohio-647.]

*Mandamus to compel court of common pleas judge to enter a judgment vacating relator's conviction and sentence and discharging him—Writ denied when relator has already received this relief from the court of appeals.*

(No. 97-1692—Submitted December 2, 1997—Decided February 18, 1998.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 72560.

———————————

{¶ 1} In 1988, appellant, Milton Cotton, was convicted in the Cuyahoga County Court of Common Pleas of receiving stolen property, and appellee, Judge Burt W. Griffin, sentenced him to a term of two to ten years in prison. On appeal, the court of appeals reversed the judgment and discharged Cotton. *State v. Cotton* (Apr. 12, 1990), Cuyahoga App. No. 56775, unreported, 1990 WL 43658.

{¶ 2} In 1997, Cotton filed a complaint in the court of appeals for a writ of mandamus to compel Judge Griffin to "correct [the common pleas court's] Journal entry to show that [Cotton] was discharged as mandated" by the court of appeals. The court of appeals granted Judge Griffin's motion for summary judgment and denied the writ.

{¶ 3} This cause is now before the court upon an appeal as of right.

———————————

*Milton Cotton, pro se*.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Diane Smilanick*, Assistant Prosecuting Attorney, for appellee.

———————————

*Per Curiam.*

**{¶ 4}** Cotton asserts that the court of appeals erred by granting Judge Griffin's motion for summary judgment and denying the writ.  He claims entitlement to a writ of mandamus by alleging that Judge Griffin did not follow the mandate of the court of appeals in *Cotton* to enter a judgment vacating his conviction and sentence and discharging him.

**{¶ 5}** Cotton is not entitled to a corrected common pleas court entry vacating his conviction and sentence and discharging him because he has already received this relief from the court of appeals.  Although some of the *Cotton* opinion and entry refers to a "remand" to the common pleas court for "further proceedings consistent with this opinion," the entire entry and opinion in context leave no doubt that the court of appeals reversed Cotton's judgment of conviction and discharged him.[1]  The court of appeals was authorized to enter this judgment.  *Superior Metal Products, Inc. v. Admr., Ohio Bur. of Emp. Serv.* (1975), 41 Ohio St.2d 143, 145, 70 O.O.2d 263, 264, 324 N.E.2d 179, 181; *State v. Kline* (1983), 11 Ohio App.3d 145, 11 OBR 330, 464 N.E.2d 159; App.R. 12(B); R.C. 2953.07.  An entry in the common pleas court vacating the judgment and ordering Cotton's discharge is unnecessary.

**{¶ 6}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––

1.  The "Journal Entry and Opinion" in *Cotton* refers to the court of appeals' judgment as "JUDGMENT VACATED AND DEFENDANT DISCHARGED" and further states that "[t]his cause is vacated, the defendant discharged and the matter remanded to the lower court for further proceedings consistent with this opinion."

January Term, 1998