OPINION
Appellant City of Cleveland Board of Zoning Appeals challenges a decision by the trial court reversing its denial of a request by appellee Iris Perez for a change of use permit. BOZA assigns the following two errors for our review:
 I. THE LOWER COURT ERRED AND ABUSED ITS DISCRETION BY REVERSING AND REMANDING A DECISION WITHOUT FINDING REVERSIBLE ERROR BELOW.
 II. THE LOWER COURT ERRED AND ABUSED ITS DISCRETION BY REVERSING AND REMANDING A DECISION WHICH WAS SUPPORTED BY THE OHIO SUPREME COURT'S "PRACTICAL DIFFICULTY" TEST.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
Appellant Iris Perez and her landlord Nabeel Zayed applied to the Cleveland Building Commission for a variance to use the building at 5400 Bridge Avenue as a day care facility. Additionally, they asked for both distance and landscaping variances. The City requires that day care centers are buffered by a distance of fifteen feet on both sides from adjoining premises. The commissioner denied their request.
Perez then initiated an appeal to the Cleveland Board of Zoning Appeals. On August 11, 1997, BOZA refused the appeal for the following reasons:
 (1) No exceptional local condition exists in this vicinity to justify the Board in making the variance requested; (2) Granting the appeal would be detrimental to the general welfare of the neighbors and to the value of their properties and would be contrary to the intent and purpose of the zoning ordinances; (3) In being refused this appeal the owner will not suffer an unreasonable hardship since he is not denied any use of property not also denied other owners in that district similarly situated.
On September 9, 1997, Perez appealed BOZA's decision to the Cuyahoga County Court of Common Pleas. In a brief before the trial court, Perez argued that BOZA's decision failed as arbitrary, unreasonable, and not supported by a preponderance of reliable and probative evidence. Additionally, she argued that she had experienced practical difficulties in the use of her property.
The subject property was located in a multifamily district. Perez argued that the proposed use as a day care center was a permitted use under the area's "multi-family" zoning status. The store building, which once housed a Dairy Mart store, was in violation of code requirements for landscaping and for distance from adjacent buildings. Perez sought a variance under Section329.03 (g) which authorizes BOZA to vary the distance requirements in a residential district if the variance will not adversely affect the neighborhood or the safety, health, and general welfare of the building's occupants.
Perez also sought a variance from the landscaping requirements under Section 329.03 (b) of the Codified Ordinances. In order to qualify for a variance, an applicant is required to show the following: (1) a "practical difficulty" which inheres in, and is peculiar to the premises because of the physical size, shape, or other characteristics of the premises or adjoining premises; (2) that refusal of the variance would deprive the landowner or substantial property rights; and (3) that granting the variance would not be contrary to the purpose and intent of the building code.
Perez argued that a City Planning representative made clear that the city did not oppose the proposed use of the premises as a day care center. She further argued the Board erred in considering evidence presented by a group of neighborhood activists that opposed commercial development in the area and that the denial of her use variance was erroneously based on neighbors' opposition to the proposed day care center.
In its response to Perez's brief, BOZA argued that a variance was not justified. BOZA also argued that, the property was not in compliance with the landscaping requirement and that Perez had not yet obtained approval for changing the use of the property.
In her reply brief, Perez argued BOZA used the improper standard of review when reviewing her appeal. Citing Duncan v.Middlefield, she argued that because she sought an area variance (a variance from the side yard requirement, she did not have to show that denial of the variance would cause her unnecessary hardship, only that she would encounter "practical difficulties." Duncan v.Middlefield (1986), 23 Ohio St.3d 83, 86, certiorari denied (1986),479 U.S. 986, 107 S.Ct. 576, 93 L.Ed.2d 579. Perez repeated her argument that the City of Cleveland acknowledged that operating a day care center was a permitted use of the property as currently zoned and that she only sought an area variance from the side yard requirement. Perez argued that the unusual configuration of the lot made compliance with the side yard requirement literally impossible without moving the building.
During a hearing before the trial court, BOZA argued that a day care center is a permitted use, but that such use is contingent upon compliance with the side yard requirements. It argued that the buffer zone was required for the protection of the children as well as the protection of the neighborhood property values. The trial court asked the parties whether the City Planning Commission objected to the proposed use, and both parties agreed that it did not.
In a August 4, 1998 journal entry, the trial court reversed and remanded BOZA's decision, ordering BOZA to apply the "practical difficulties" standard set forth in Duncan when determining whether to grant Perez the requested area variances. This appeal followed.
Before we address the assigned errors contained herein, we note that some districts in Ohio have held that the trial court is without authority to remand for further findings. Mad RiverSportsman's Club, Inc. v. Jefferson Township Board of ZoningAppeals (1993), 92 Ohio App.3d 273, 277; Zannieri v. Norwalk Bd.of Bldg. Zoning Appeals (1995), 101 Ohio App.3d 737, 740;656 N.E.2d 711, 713; McMaster v. Housing Appeals Bd. (November 26, 1997), Summit App. No. 18226, unreported, appeal dismissed (1998),81 Ohio St.3d 1494, 691, N.E.2d 1057. Follow the opposite reasoning as expressed in Neary v. Board of Zoning Appeals Moraine
(Jul. 23, 1999), Montgomery App. No. 17428, unreported.
 In our view, however, the question of a common pleas court's authority to remand a case to an administrative agency was answered by the Ohio Supreme Court in Superior Metal [Prod., Inc. v. Administrator, Ohio Bur. of Emp. Serv. (1975), 41 Ohio St.2d 143, 324 N.E.2d 179,] supra, in which the court stated that "the power to reverse and vacate decisions necessarily includes the power to remand the cause to the decision maker. * * * We hold that a court's remand effectuates a revival of jurisdiction over a cause which may enable the subordinate tribunal or administrative body to conduct further proceedings and to render a new decision." 41 Ohio St.2d at 146.
In its first assignment of error, BOZA argues the trial court erred and abused its discretion by reversing and remanding BOZA's decision. BOZA contends the standard of review for an administrative appeal is whether the order appealed from was unreasonable or arbitrary and capricious. BOZA further argues that because its decision was supported by substantial, reliable, and probative evidence, the trial court erred in substituting its judgment for that of BOZA.
The Ohio Supreme Court has set forth the proper standards of review for administrative appeals in Kisil v. Sandusky (1984),12 Ohio St.3d 30. The Ohio Supreme Court held that a trial court shall not substitute its judgment for that of an administrative board unless the court finds that there is not a preponderance of reliable, probative and substantial evidence to support the board's decision. Id. at 34. "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence. See also, Kotoch v. Board of Buildingand Zoning Appeals of the City of Highland Heights (September 4, 1997), Cuyahoga App. No. 71242, unreported. R.C. 2506.04 provides that the court may find the agency's order to be "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." Under R.C. 2506.04, the court of common pleas may determine whether the board's decision is contrary to law.Cincinnati Bengals, Inc. v. Papania (1993), 92 Ohio App.3d 785,787, appeal dismissed (1994), 69 Ohio St.3d 1492. Accordingly, the trial court did not err is determining that BOZA used the wrong legal standard in determining whether to grant the variances requested by Perez. BOZA's first assignment of error is overruled.
In its second assignment of error, BOZA argues that the lower court erred and abused its discretion by reversing and remanding a decision which was supported by the Ohio Supreme Court's "practical difficulty" test. During the hearing before the trial court, both parties admitted that the proposed use of the building was not at issue, only the requested variances from the distance and landscaping requirements. The "unreasonable hardship" standard applied by BOZA should only be used in cases where use variances are at issue, not in cases such as this where only area variances are in dispute. See Duncan v. Middlefield (1986), 23 Ohio St.3d 83,85, certiorari denied (1986), 479 U.S. 986, 107 S.Ct. 576,93 L.Ed.2d 579, citing Kisil at 35. Accordingly, the trial court properly concluded that BOZA applied the incorrect legal standard. Having determined that BOZA's ruling was contrary to law, i.e. illegal, the trial court properly reversed the ruling. BOZA's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and ANN KILBANE, J., CONCUR.