JOURNAL ENTRY AND OPINION
The Ohio Department of Jobs and Family Services (ODJFS) appeals from a purported final order of the common pleas court which remanded Patricia Santa's unemployment compensation claim against her employer, Eberhard Manufacturing Co., back to ODJFS for further findings. Eberhard has moved to dismiss this appeal for lack of jurisdiction claiming that the trial court did not enter a final appealable order in accordance with R.C.2505.02. Upon review, we agree and dismiss this appeal and remand the matter to the trial court because no final appealable order has been entered in the case.
The record reveals that Santa filed for unemployment benefits after Eberhard terminated her for failing to meet production efficiency rates. At that time, the Ohio Bureau of Employment Services, now merged into the new Ohio Department of Job and Family Services, hereafter referred to as the agency or ODJFS, determined that Eberhard discharged Santa for just cause and denied her claim for benefits. Santa appealed to the Ohio Unemployment Compensation Review Commission. The Review Commission conducted two hearings, which resulted in a finding that Santa met the required production efficiency rates, as evidenced by her last pay stub. The hearing officer, therefore, determined that Eberhard discharged Santa without just cause and awarded her benefits. Eberhard subsequently appealed that decision to common pleas court, pursuant to R.C.4141.28(N)(1), contending that the agency made its finding only on the basis of Santa's last pay stub, rather than her entire employment history, which would have demonstrated her failure to meet the production efficiency rate. In its judgment entry journalized August 18, 2000, marked final, the trial court stated:
 Case is hereby remanded to the Ohio Bureau of Employment Services [now ODJFS] for further findings on the issue of whether or not claimant met the appropriate efficiency rates.
FINAL.
ODJFS now appeals from that order, raising one assignment of error:
 THE CUYAHOGA COUNTY COMMON PLEAS COURT ORDER TO THE OHIO UNEMPLOYMENT COMPENSATION REVIEW COMMISSION TO HOLD A NEW HEARING FOR ADDITIONAL EVIDENCE IS UNLAWFUL WHERE THAT AGENCY'S RECORD CONTAINS AMPLE EVIDENCE TO DETERMINE WHETHER THE CLAIMANT IS ENTITLED TO UNEMPLOYMENT BENEFITS.
ODJFS argues on appeal that the trial court erred in remanding the case to the agency, contending that the trial court should have affirmed the original decision of the Review Commission because it claims that the Commission's decision was lawful, reasonable, and supported by the manifest weight of the evidence in accordance with R.C. 4141.28(N)(1).
However, since our jurisdiction is limited to review of final appealable orders, before we can review the merits of the agency's contention, we must have a final appealable order before us.
The threshold issue then for our determination is whether the court's order of August 18, 2000 remanding the case to the agency for further findings constitutes a final appealable order. Two independent lines of analysis provide the basis for our resolution of this issue.
In the first, the record demonstrates that the trial court unsuccessfully attempted to remove this case from its docket by entering a journal entry marked FINAL. An order which is not a final judgment cannot be converted into a final appealable order by the use of some magic words. See, by analogy, Celebrezze v. Netzley (1990),51 Ohio St.3d 89, 91 (the trial court's use of Civ.R. 54(B) language does not turn an otherwise non-final order into a final appealable order.)
Instead, in order to enter a final appealable order and properly dispose of cases of this distinction, a trial court must journalize an order discharging its duty in accordance with R.C. 4141.28(O)(1), now R.C. 4141.28(N)(1):
 * * * If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision. (Emphasis added.)
The statute provides only three modes for disposing of an appeal from an agency decision: (1) affirm, (2) reverse and vacate, or (3) modify and enter final judgment. Superior Metal Products, Inc. v. Admr., Ohio Bur. of Emp. Serv. (1975), 41 Ohio St.2d 143. Superioris instructive because there, the court of appeals, after finding the board of review's decision unreasonable and against the manifest weight of the evidence, reversed and vacated the decision, and remanded the case to the board for further proceedings. On appeal, the Supreme Court held that the power to reverse and vacate the agency decision included the power to remand the cause to the decision maker.
Here, the trial court's remand order did not discharge its statutory duty as specified in R.C. 4141.28(N)(1), because it did not make findings as to whether the decision of the Review Commission was unlawful, unreasonable, or against the manifest weight of the evidence, and because it did not affirm, reverse and vacate, or modify that decision. The court's purported remand is not within its statutory power pursuant to R.C. 4141.28(N)(1), therefore, it cannot be a final appealable order, nor does Superior apply, because the trial court did not reverse and vacate before it remanded the case to the agency.
In this connection, we note that the language of R.C. 4141.28(N)(1), which provides for unemployment compensation appeals, contrasts with that of R.C. 2506.04, which provides for other administrative appeals. R.C.2506.04 states in relevant part:
 2506.04 FINDING AND ORDER OF COURT The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. * * *
Whereas in the administrative appeals governed by R.C. 2506.04 the general assembly has provided for a trial court in certain instances to remand a case to an administrative agency, the legislature has not done so in appeals involving unemployment compensation. Therefore, in this case, the trial court lacked authority to issue a remand as a final order.
A second independent line of analysis based on the statutory definition of a final order as provided in R.C. 2505.02 also aids us in determining whether or not the trial court's remand order is final.
In its motion to dismiss for lack of jurisdiction, Eberhard contended that the court's remand order did not constitute a final appealable order. ODJFS, on the other hand, argued that the language used by the trial court granted Santa a new trial at the agency level, and contended therefore that pursuant to R.C. 2505.02(B)(3) the court's order constituted a final appealable order. It also argued that the court's order is final and appealable pursuant to R.C. 2505.02(B)(2), because it affects the claimant's substantial entitlement to unemployment benefits.
R.C. 2505.02 provides in part:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial. * * *
We note first that subsection (B)(2), and not (B)(1), applies here because a special proceeding is an action created by statute and not recognized in common law or in equity. Polikoff v. Adam (1993),67 Ohio St.3d 100. Because an appeal from the Ohio Unemployment Compensation Review Commission did not exist at common law or in equity and jurisdiction over such appeals is granted to the common pleas court by the Unemployment Compensation Act, (Tzangas, Plakas Mannos v. Ohio Bur. Of Emp. Serv.(1995), 73 Ohio St.3d 694, 697), R.C. 2525.02 B(2) applies in this case. Applying this subsection, we must then determine whether the trial's order remanding the case to the agency for further findings affects a substantial right.
An order affecting a substantial right is one that, if not immediately appealable, would foreclose appropriate relief in the future. Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63.
In this case, an appeal to our court is still available to either party from a final judgment entered in the case. Because the court's purported remand of this case to the agency for further findings does not foreclose appropriate relief in the future, it does not affect a substantial right of a party pursuant to R.C. 2505.02 and is therefore not a final order reviewable at this time. Accord Bentley v. Unemp. Comp. Bd. of Rev. (October 28, 1997), Allen App. No. 1-96-29, unreported.
As to subsection (B)(3), ODJFS's contends that the trial court's remand order in effect grants a new trial and as such, is a final order as defined in this subsection. We do not agree with the agency's interpretation of the trial court's order as one creating a trial de novo at the agency level. The trial court had not reached the merits of the case and did not render its decision on the matter in accordance with R.C. 4141.28. The trial court thus retains jurisdiction over this matter until it discharges its statutory duty. Accordingly, it is not a final appealable order pursuant to R.C. 2505.02(B)(3). See, also, 2 American Jurisprudence 2d (2000) 619, Administrative Law, Section 640. Applying the statutory definitions set forth in R.C. 2505.02(B), therefore, we are without jurisdiction to hear this appeal at this time.
Finally, as we have pointed out, remand to the agency is within the court's power only when it vacates or reverses upon finding the agency decision to be unlawful, unreasonable, or against the manifest weight of the evidence. Superior, supra. The trial court's power pursuant to R.C.4141.28 does not include seeking additional findings from the agency through an interlocutory order — in doing so in this case, the court has exceeded its statutorily designated authority to consider the appeal.
On the basis of the foregoing, this appeal is dismissed and the matter remanded to the trial court with instructions to re-activate the case on its docket until it enters a final appealable order pursuant to R.C.4141.28.
It is ordered that appellant-appellee recover of appellee-appellant Ohio Department of Job and Family Services its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ TERRENCE O'DONNELL, JUDGE:
PATRICIA A. BLACKMON, P.J. and JAMES J. SWEENEY, J. CONCUR.