DECISION AND JUDGMENT ENTRY
{¶ 1} This administrative appeal case is before the court on appeal from the Lucas County Court of Common Pleas, which reversed the decision of the Unemployment Compensation Review Commission ("Commission"). For the reasons that follow, we reverse the trial court's decision and remand the case to the Commission for further hearing.
 {¶ 2} Appellant Robert Russell was an employee of AAA Northwest Ohio ("AAA") until his discharge in 2001. According to the record, Russell was terminated for violating two of AAA's work policies — one prohibiting "improper personal conduct in dealings with members, clients or co-workers," and one prohibiting sexual harassment. AAA contends that Russell violated these policies by, on two occasions, rubbing the shoulders of two AAA female employees.
 {¶ 3} Russell began working for AAA in 1999, initially in the roadside service department. In April 2000, he took a job with AAA as a systems administrator, a position that required him to maintain and/or service the computer network at all of AAA's northwest Ohio offices. In October 2000, Russell's supervisor, AAA vice-president Richard Kirsch, gave Russell a written reprimand for "insubordinate," "disrespectful," and "argumentative" behavior toward human resource manager Karen Ward. Russell was warned that "[a]ny further incident related or otherwise, is grounds for immediate termination." Days later, Russell responded in writing to Kirsh regarding the written reprimand. In his response, Russell admitted that his behavior toward Ward was "inappropriate and argumentative," and he apologized for such behavior. However, Russell also alleged that the confrontation prompting the written reprimand occurred for two reasons: (1) because Ward was frustrated over her inoperative e-mail program; and (2) because Ward was angry and embarrassed that Russell spurned her romantic overtures toward him. Russell accused Ward of sexual harassment and requested an investigation.
 {¶ 4} In November 2000, Kirsch issued an oral warning to Russell regarding his overuse of consultants and the resulting expense, his inadequate performance in fixing computers, and his failure to inform Kirsh of his whereabouts.
 {¶ 5} In February 2001, Jessica Keegan, an employee in AAA's Defiance office, reported to her supervisor, Judy Aden, that Russell had come into her office while she was on the phone with a client and began to rub her shoulders. Keegan reported that she felt uncomfortable and thought Russell should "keep his hands to [him]self." At the hearing she testified that, although she did not feel like Russell was "necessarily" making a sexual advance toward her, she did, at the time, feel sexually harassed. A few days after Keegan reported this incident, Aden also reported that Russell had rubbed her shoulders in a similar way just days earlier.
 {¶ 6} Russell was terminated on February 27, 2001. In response to appellant Ohio Department of Jobs and Family Services' "Request for Information," AAA indicated that Russell was terminated for violating two work rules — improper conduct with an employee and sexual harassment. Russell contends that his termination was in retaliation for alleging sexual harassment against Karen Ward.
 {¶ 7} In March 2001, the Ohio Department of Jobs and Family Services ("ODJFS") determined that Russell was not entitled to benefits because he was discharged for just cause. Russell appealed this determination to the Director of the ODJFS, who affirmed the initial determination. Russell then appealed to the Commission, and a hearing was held at the hearing officer level on July 3, 2001. Judy Aden, one of the women who alleged that Russell rubbed her shoulders, did not appear at the hearing; therefore, the hearing officer found that there was no credible evidence to support that allegation. Russell denied rubbing the shoulders of either woman. The hearing officer reversed the director's redetermination, finding that Russell was not discharged for just cause. The hearing officer indicated in his decision, "It is the conclusion of the Hearing Officer claimant should have been given a warning and/or suspension especially since the incident does not amount to flagrant or deliberate sexual harassment for which a discharge would be appropriate." AAA appealed this decision to the Commission at the review level, and the Commission disallowed the request for review. AAA then appealed to the Lucas County Court of Common Pleas.
 {¶ 8} The common pleas court reversed the Commission's decision, holding that AAA's sexual harassment policy does not require a warning and does not require that the harassment be "flagrant." Since the hearing officer apparently found that Russell engaged in some form of harassment for which discipline but not discharge was appropriate, the trial court held that the hearing officer and the Commission exceeded their authority in second-guessing the appropriateness of AAA's decision to discharge. The trial court also held that there was no evidence that Russell's termination for violating the sexual harassment policy was pretextual.
 {¶ 9} AAA now appeals the decision of the trial court, setting forth the following assignments of error:
 {¶ 10} "A. The trial court committed reversible error in disregarding and setting aside evidentiary determinations and factual conclusions of the Unemployment Compensation Board of Review.
 {¶ 11} "B. The trial court committed reversible error in determining the decision of the Unemployment Compensation Board of Review was unjust, unlawful, and against the manifest weight of the evidence."
 {¶ 12} R.C. 4141.29(D) provides:
 {¶ 13} "Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:
 {¶ 14} "* * *.
 {¶ 15} "(2) For the duration of the individual's unemployment if the director finds that:
 {¶ 16} "(a) The individual quit work without just cause or has been discharged for just cause in connection with the individual's work * * *." The Supreme Court of Ohio has defined "just cause" as follows:
 {¶ 17} "Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." Irvine v. Unemployment Comp. Bd. ofRev. (1985), 19 Ohio St.3d 15, 17, quoting Peyton v. Sun T.V. (1975),44 Ohio App.2d 10, 12.
 {¶ 18} When an unemployment compensation case is appealed to the court of appeals, the standard of review in the court of appeals is the same as the standard of review in the trial court: We may reverse only if the just cause determination is "unlawful, unreasonable, or against the manifest weight of the evidence." Tzangas, Plakas Mannos v. Adm'r,Ohio Bur. of Emp. Servs. (1995), 73 Ohio St.3d 694, 696; former R.C.4141.28(N)(1). If the court finds that the determination was unlawful, unreasonable, or against the manifest weight of the evidence, it shall "reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise, such court shall affirm such decision. * * *." Id. The Supreme Court of Ohio has held that the right to vacate includes the right to remand the case to the decision-maker. Superior Metal Prods., Inc. v. Adm'r, OhioBur. of Emp. Servs. (1975), 41 Ohio St.2d 143, 146; State ex rel. Villageof Chagrin Falls v. Geauga Cty. Bd. of Commrs., 2002-Ohio-2082,96 Ohio St.3d 400 (applying the reasoning in Superior Metal Products to appeals under R.C. 2506.04).[1] Once the case is remanded to the decision-maker, the agency's jurisdiction is revived, and it may decide the matter anew. Id. at ¶ 11; Superior Metal, 41 Ohio St.2d 146.
 {¶ 19} Russell was terminated for violating two work rules, both causes for dismissal under the employee work rules. The first rule prohibits "[i]mproper personal conduct in dealings with members, clients or co-workers," and the other rule prohibits violation of AAA's sexual harassment policy. The sexual harassment policy provides, in pertinent part:
 {¶ 20} "Acts of sexual harassment by any employees are prohibited and are subject to sanctions and corrective measures.
 {¶ 21} "Sexual harassment in the workplace is defined as:
 {¶ 22} "1. A sexual solicitation or advance made by a person in a position to confer, grant or deny a benefit or advancement to the person where the person making the solicitation or advance knows or ought reasonably know that it is unwelcome.
 {¶ 23} "2. A reprisal or threat of reprisal for the rejection of a sexual solicitation or advance made or threatened by a person in a position to confer, grant or deny a benefit or privilege of employment.
 {¶ 24} "Prohibited acts of sexual harassment can take a variety of forms ranging from subtle pressure for sexual activity to physical assault. Examples of the kind of conduct included in the definition of sexual harassment are:
 {¶ 25} "a. Sexually oriented verbal kidding.
 {¶ 26} "b. Continued or repeated verbal abuse of a sexual nature including graphic commentaries on the person's body; sexually suggestive objects or pictures placed in the work area that may offend the person; sexually degrading words to describe the person, or propositions of a sexual nature.
 {¶ 27} "c. Physical conduct such as patting, pinching or frequent brushing against another's body.
 {¶ 28} "d. Demands for sexual favors with implied or openly stated promises of preferential treatment or threats about an individual's employment status."
 {¶ 29} The fact that Russell was terminated for violating these two rules presents two issues unresolved by the hearing officer and the Commission: (1) whether Russell actually violated the first rule (prohibiting improper conduct); and (2) whether the sexual harassment policy covers Russell when the policy appears to define sexual harassment as harassment done by one in a position to "confer, grant or deny a benefit * * *." The hearing officer's decision is silent on both of these points. We therefore find that this case must be remanded to the Commission for a new hearing.
 {¶ 30} In remanding the case, we are mindful of the authority holding that the claimant has the burden of proof to establish entitlement to benefits. See, e.g., Irvine, 19 Ohio St.3d at 17.
 {¶ 31} Arguably, then, Russell should have developed a record on these issues by eliciting testimony at the hearing. However, we also recognize that these two unresolved issues were extant in the record at the outset since the two work rules in question were reproduced and introduced into the record. Since these issues were evident from the record, the hearing officer should have sua sponte inquired into these matters. Former R.C. 4141.28(J), which was in effect at the time of the hearing, provides, in pertinent part:
 {¶ 32} "In the conduct of a hearing by a hearing officer or any other hearing on appeal to the commission which is provided in this section, the hearing officers are not bound by common law or statutory rules of evidence or by technical or formal rules of procedure. The hearing officers shall take any steps in the hearings, consistent with the impartial discharge of their duties, which appear reasonable and necessary to ascertain the facts and determine whether the claimant is entitled to benefits under the law. * * *."[2]
 {¶ 33} For these reasons, we find both assignment of error well-taken.
 {¶ 34} Upon consideration whereof, we reverse the decision of the Lucas County Court of Common Pleas and remand the case to the Commission for a new hearing. The new hearing shall not be in the nature of a reconsideration. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] We recognize that we have previously held that in the context of an R.C. 2506.04 appeal, we had no power to remand since such authority was not specifically enumerated in the statute. See Zannieri v. Norwalk Bd.of Bldg. Zoning Appeals (1995), 101 Ohio App.3d 737, 740-741. However, the reasoning in Zannieri has since been criticized by the court in Chagrin Falls. See Chagrin Falls, 96 Ohio St.3d 400, at ¶ 9.
[2] The current version of the statute, which took effect on October 31, 2001, just three months after Russell's hearing, now makes clear that there are no formal burdens of proof at the hearing. See R.C.4141.281(C)(2).