JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Abdallah D Abukhalil, appeals from the judgment of the common pleas court, which upheld the order of the Ohio State Board of Pharmacy ("the Board") revoking his license to practice as a pharmacist in the state of Ohio. After reviewing the record and the arguments of the parties, we reverse the lower court's ruling for reasons set forth below.
 {¶ 2} On February 11, 2000, appellant became duly licensed as a pharmacist in the state of Ohio. At that time, he was employed at a CVS store in Cleveland, Ohio. Prior to his employment at CVS, he had owned a convenience store for approximately three years, until November 1999 when he sold the store to his brother, Mohammed Mohammed. Fifteen days after the purchase, Mohammed insured the business.
 {¶ 3} On December 31, 1999, the convenience store caught fire. According to the Cleveland Fire Department's report, "combustibles were ignited in the area behind the counter, near floor level." The fire was determined to be arson, and appellant and his brother were subsequently indicted on several counts of arson. Appellant specifically was indicted on March 30, 2000 on five counts of aggravated arson, in violation of R.C. 2909.02. He eventually pleaded no contest to a single count of arson, in violation of R.C. 2909.03, a felony of the fourth degree.
 {¶ 4} On May 14, 2002, the Board issued a Notice of Opportunity for Hearing to appellant alleging that he was in violation of R.C. 4729.16(A)(1), Ohio's governing law of pharmaceutical practice. This notice was issued in light of appellant's no contest plea to his fourth degree felony conviction for arson. Appellant timely filed for a hearing, which was held on June 4, 2003. On July 21, 2004, the Board issued an order revoking appellant's license to practice as a pharmacist in the state of Ohio.
 {¶ 5} On July 10, 2003, appellant filed an appeal to the Board to reconsider its imposed sanction, which was denied. On July 28, 2003, appellant filed a notice of appeal with the Cuyahoga County common pleas court, along with a motion to stay the order. The trial court granted the motion to stay; however, on February 11, 2005, the Board's decision was affirmed by the trial court.
 {¶ 6} Appellant now brings this appeal contesting the trial court's affirmation of the Board's ruling and asserting the following three assignments of error:
 {¶ 7} "I. The decision of the court of common pleas must be reversed as the order of the Ohio State Board of Pharmacy violated R.C. 4729.17 in that it was not approved by a majority of the board (February 11, 2005 decision affirming the order of the Ohio State Board of Pharmacy).
 {¶ 8} "II. The decision of the trial court should be reversed as the trial court abused its discretion in finding that the decision of the board was based on reliable, probative and substantial evidence even though the board improperly based its decision upon unsworn witnesses' statements and uncertified copies of a fire investigation report and a criminal investigation, depriving appellant of an opportunity to cross examine the witnesses. (February 11, 2005 decision affirming the order of the Ohio State Board of Pharmacy).
 {¶ 9} "III. The decision of the trial court should be reversed as the trial court abused its discretion when it found the decision of the Ohio Board was based on reliable, probative and substantial evidence, even though the Ohio Board accepted unsworn and contradictory statements and failed to consider the mitigating evidence presented by appellant in this case. (February 11, 2005 decision affirming the order of the Ohio State Board of Pharmacy)."
 {¶ 10} This appeal comes before this court pursuant to R.C.119.12, which reads in pertinent part:
 {¶ 11} "The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative and substantial evidence and is in accordance with law."
 {¶ 12} When reviewing the order of an administrative agency, the trial court applies the limited standard of review set forth in R.C. 119.12 and determines whether the order is supported by reliable, probative and substantial evidence and is in accordance with the law. R.C. 119.12; University of Cincinnati v. Conrad
(1980), 63 Ohio St.2d 108, 110, 407 N.E.2d 1265. The role of the appellate court, however, is typically limited to the determination of whether the lower court abused its discretion in making its determination. Rossford Exempted Village School Dist.Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707,590 N.E.2d 1240; Lorain City Bd. of Edn. v. State Emp. RelationsBd. (1988), 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264, 267.
 {¶ 13} In his first assignment of error, appellant asserts a procedural challenge, arguing that the Board's decision was not supported by a proper majority of the Board, as required by statute. The issue of whether an administrative agency's order is in compliance with statutory requirements is a question of law and, as such, this court's review is plenary and is not confined to an abuse of discretion standard. University Hosp., Universityof Cincinnati College of Medicine v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 339, 587 N.E.2d 835.
 {¶ 14} R.C. 4729.17 states:
 {¶ 15} "Any investigation, inquiry, or hearing, which the state board of pharmacy is empowered to hold or undertake may be held or undertaken by or before any member or members of the board and the finding or order of such member or members shall be deemed to be the order of said board when approved and confirmed by a majority of the board." (Emphasis added.)
 {¶ 16} The Ohio Revised Code dictates the consistency of the Board pursuant to R.C. 4729.02, which reads in pertinent part:
 {¶ 17} "There shall be a state board of pharmacy, consisting of nine members, eight of whom shall be pharmacists licensed under this chapter, representing to the extent practicable various phases of the practice of pharmacy, and one of whom shall be a public member at least sixty years of age."
 {¶ 18} With the Board consisting of a total of nine members, it is patently clear that a majority constitutes of at least five members. The issue here arises in light of the fact that the Board president does not vote on matters unless there is a tie in the vote. R.C. 4729.03. Appellant's argument is that the revocation of his license was not approved by a majority of the board, citing the fact that four members voted "aye," three voted "nay," and one member abstained. The ninth member, the board president, did not vote since there was no tie. Appellant's argument has merit.
 {¶ 19} This court finds it extraordinary that in such a matter a Board member would pass on his or her duty by abstaining from this vote. A vote either way would have resolved any procedural flaws in the Board's actions. An "aye" vote would have satisfied the Board's statutory requirements in revoking appellant's license, while a "nay" vote would have at least required the Board president to cast a deciding vote. As it is, a single Board member effectively tied the Board's hands by refusing to make a decision. In accordance with law, this court must sustain appellant's contention that the vote of four Board members does not constitute a majority and therefore cannot uphold the Board's order.
 {¶ 20} While we sustain appellant's first assignment of error, we find it proper to order that any procedural problem with the original Board decision be corrected by the Board itself. R.C. 119.12 "provides that the judgment of a court of common pleas shall be final unless reversed, vacated, or modified on appeal. The power to reverse and vacate a decision necessarily includes the power to remand the cause to the decision maker."Kelley Med Care, Inc. v. Ohio State Bd. of Pharmacy (4th
Dist., 1987), Lawrence Cty. Nos. 1815, 1816, 1817 (consolidated), syllabus. Thus, the judgment is reversed, and the cause is remanded to the court below with directions to vacate the decision of the Board and remand the cause to the Board for a new hearing. Appellant's remaining assignments of error are moot pursuant to App.R. 12(A)(1)(c).
Reversed and remanded with instructions.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Rocco, J., concur.