[Cite as *Guru Pramukh Swami, Inc. v. Ohio Lottery Comm.*, 2020-Ohio-5137.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HANCOCK COUNTY

GURU PRAMUKH SWAMI INC.,
DBA BLUFFTON SHELL,

      APPELLANT,                              CASE NO.  5-20-20

      v.

OHIO LOTTERY COMMISSION,            O P I N I O N

      APPELLEE.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2019 CV 00177

Judgment Affirmed

Date of Decision:   November 2, 2020

APPEARANCES:

    *Kurt O. Gearhiser* for Appellant

    *Hallie C. Saferin* for Appellee

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Guru Pramukh Swami, Inc. ("GPSI") appeals the judgment of the Hancock County Court of Common Pleas, alleging that the court of common pleas abused its discretion by remanding an administrative appeal back to the Ohio Lottery Commission ("OLC"). For the reasons set forth below, the judgment of the court of common pleas is affirmed.

*Facts and Procedural History*

{¶2} Prabhudas and Gunvanti Jethva (collectively "the Jethvas") are the principals of GPSI and Shri Yogi Corporation, LLC ("SYC"). Doc. 14. GPSI does business as Bluffton Shell, and SYC does business as Marion Marathon. Doc. 14. GPSI and SYC each had a lottery sales agent license ("lottery license"). Doc. 14. On March 2, 2018, the OLC sent the Jethvas a notice of revocation. Doc. 14, Ex. E. This notice alleged that Gunvanti Jethva had "attempted to claim a $10,000.00 winning instant ticket" but, in this process, falsely stated that she was not a lottery retailer or employed by a lottery retailer. Doc. 14, Ex. E. The notice also alleged that the Jethvas failed to report to the OLC that they each had received a misdemeanor conviction in 2012 for attempted drug trafficking. Doc. 14, Ex. E.

{¶3} This notice concluded by listing several alleged violations of specified provisions of the Ohio Revised Code and the Ohio Administrative Code. Doc. 14,

Ex. E.  In this notice, one of the provisions that the Jethvas were alleged to have violated was R.C. 3770.05(C)(4), which reads, in its relevant part, as follows:

> **(C) * * * [T]he director of the state lottery commission may refuse to grant, or may suspend or revoke, a license if the applicant or licensee:**
>
> **\* \* \***
>
> **(4)  Has been found to have violated any rule or order of the commission * * ***

R.C. 3770.05(C)(4).  On March 27, 2018, the Jethvas requested an adjudication hearing with the OLC.  Doc. 14, Ex. G.

{¶4} On November 15, 2018, an adjudication hearing was held.  Doc. 14.  On December 19, 2018, the hearing examiner issued a report, recommending that the Jethvas' lottery licenses be revoked.  Doc. 14.  On March 25, 2019, the director of the OLC issued an order that revoked the Jethvas' lottery licenses.  Doc. 1.  In this order, the director of the OLC stated that the basis of this revocation was his finding that the Jethvas had violated R.C. 3770.05(C)(3).  Doc. 1.  However, the notice of revocation had alleged a violation of R.C. 3770.05(C)(4). Doc. 14, Ex. E.  Under R.C. 3770.05(C)(3), the director of the OLC has the authority to revoke a license if the licensee "[h]as been found guilty of fraud or misrepresentation * * *."  R.C. 3770.05(C)(3).

{¶5} On May 16, 2019, GPSI appealed the OLC's order.  Doc. 1.  GPSI argued that the OLC did not "provide reliable, probative and substantial evidence"

that established a violation of R.C. 3770.05(C)(3). Doc. 20. The OLC admitted that the order revoking the lottery licenses "erroneously insert[ed] R.C. 3770.05(C)(3)" but asserted that its "ultimate judgment * * * [was] justified." Doc. 21. The OLC requested that the court of common pleas either modify the order "so that it revokes [GPSI]'s license under the authority of R.C. 3770.05(C)(4)"[1] or alternatively vacate and remand the order "so that the [OLC could] * * * correct its error and issue a new [o]rder." Doc. 21. On October 24, 2019, the court of common pleas vacated the order and remanded this matter to the OLC, ordering the OLC to conduct a de novo review of the evidence and to issue a new order. Doc. 23.

{¶6} On November 20, 2019, the director of the OLC issued a second order. Doc. 25. In this order, the director found that the Jethvas had violated O.A.C. 3770-3-01(C)(1) by making misrepresentations on their license renewal applications and that Gunvanti Jethva had violated O.A.C. 3770-3-01(C)(1) by making misrepresentations on her lottery claim form. Doc. 25. Having determined that the Jethvas had violated provisions of the Ohio Administrative Code, the director then found that these infractions constituted violations of R.C. 3770.05(C)(4) and, therefore, served as legal bases for revoking the contested lottery licenses. Doc. 25.

---

[1] In its brief, the OLC also cited the Jethvas' with violations of R.C. 3770.05(D)(2), O.A.C. 3770-3-01(A), 3770-3-01(C)(1), and 3770-3-01(D)(3) as bases for revoking GPSI's lottery license. Doc. 21. The notice of revocation and hearing officer's report mentioned these other violations. Doc. 14. However, the director's order only mentioned R.C. 3770.05(C)(3). Doc. 14.

On February 26, 2020, the court of common pleas affirmed the OLC's second order. Doc. 34.

*Assignment of Error*

{¶7} The appellant filed its notice of appeal on March 24, 2020. Doc. 39. On appeal, GPSI raises the following assignment of error:

**The Hancock County Common Pleas Court erred by abusing its discretion in the decision and order dated October 24, 2019 as the court remanded the matter to the Ohio Lottery Commission in violation of ORC 119.12 and by abusing its discretion in the final appealable order of February 26, 2020 in allowing the Ohio Lottery Commission to issue a second order.**

GPSI argues that the court of common pleas did not, pursuant to R.C. 119.12, have the authority to remand this matter back to the OLC after vacating the OLC's first order. For this reason, GPSI maintains that the second order issued by the OLC should be reversed and the first order issued by the OLC should remain vacated.

*Legal Standard*

{¶8} "In an administrative appeal, pursuant to R.C. 119.12, the court of common pleas reviews an agency's order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with law." *Hand & Hand MRDD Residential Services, Inc. v. Ohio Dept. of Developmental Disabilities*, 2017-Ohio-9287, 102 N.E.3d 1128, ¶ 11 (10th Dist.). In this process, a "Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts." *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 407

N.E.2d 1265 (1980). Under R.C. 119.12(N), if the order of the administrative agency fails to meet the applicable standard, then the court of common pleas "may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12(N).[2]

{¶9} "In reviewing an order of an administrative agency, * * * [the] role [of a district court of appeals] is more limited than that of a [court of common pleas] reviewing the same order." *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, 897 N.E.2d 1096, ¶ 41, quoting *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.*, 63 Ohio St.3d 705, 707, 590 N.E.2d 1240 (1992). A district court of appeals "is to determine only if the [court of common pleas] has abused its discretion." *Id.* "An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable." *Nelson v. Ohio High School Athletic Assn.*, 2018-Ohio-4169, 122 N.E.3d 239, ¶ 22 (3d Dist.).

*Legal Analysis*

{¶10} On appeal, GPSI asserts that a court of common pleas does not have the authority to remand an appeal brought under R.C. 119.12(N) back to the relevant

---

[2] The quoted portion of this provision was passed in 2015 as part of House Bill 52 and was included in section R.C. 119.12(M). 2015 Ohio Laws File 14 (Am. Sub. H.B. 52). However, this provision was subsequently harmonized with House Bill 64. *See* 2015 Ohio Laws File 11 (Am. Sub. H.B. 64). After this harmonization, the portion of the statute quoted above was placed under section R.C. 119.12(N). *See* R.C. 119.12(M), (N), fn. 1. For this reason, we will refer to this provision as R.C. 119.12(N) in this opinion.

administrative agency. GPSI points to the fact that R.C. 119.12(N) only expressly authorizes a court of common pleas to affirm, "reverse, vacate, or modify the order, or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with the law." R.C. 119.12(N). Since "remand" is not listed in R.C. 119.12(N), GPSI argues that this option is not available to a court of common pleas in disposing of administrative appeals brought under R.C. 119.12(N).

{¶11} However, in *Superior Metal Products, Inc. v. Administrator Ohio Bureau of Employment Services*, the Supreme Court of Ohio considered whether a court of common pleas had the authority to remand a matter back to an administrative board pursuant to R.C. 4141.28(O).[3] *Superior Metal Products*, 41 Ohio St.2d 143, 145-146, 324 N.E.2d 179, 181 (1975). The Supreme Court noted that R.C. 4141.28(O) gave "a court only three modes for disposing of an appeal: (1) affirm, (2) reverse and vacate, or (3) modify and enter final judgment." *Id*. Even though the court of common pleas had not been expressly given the power to "remand" a matter to an administrative body in R.C. 4141.28(O), the Supreme Court

---

[3] Chapter 4141 of the Ohio Revised Code addresses unemployment compensation. R.C. 4141.01. Since the Supreme Court of Ohio decided *Superior Metal Products*, R.C. 4141.28 has been revised. R.C. 4141.28. *See Superior Metal Products, supra*, at 145-146. R.C. 4141.282 now governs the appeals of final decisions of the unemployment compensation review commission to a court of common pleas. R.C. 4141.282. R.C. 4141.282(H) now expressly authorizes a court of common pleas to affirm, "reverse, vacate, or modify the decision, or remand the matter to the commission." R.C. 4141.282(H). While "remand" is now expressly listed in this statute, *Superior Metal Products* still held, previous to this revision, that this additional statutory language was not necessary for a court of common pleas to have the authority to remand a matter to an administrative body. *Superior Metal Products, supra*, at 146.

held that "the power to reverse and vacate decisions necessarily includes the power to remand the cause to the decision maker." *Id*. at 146.

{¶12} GPSI asserts that *Superior Metal Products* did not interpret R.C. 119.12(N) and, therefore, should not apply to the case presently before this Court. *Superior Metal Products, supra*, at 145-146. However, in *Foos v. Dept. of Agriculture*, the Tenth District found that

> **[w]hile R. C. 4141.28(O) differs in terminology from R. C. 119.12, both statutes provide only for affirmance, reversal, vacation, or modification of the agency's order upon appeal to [t]he Court of Common Pleas.**

*Foos v. Dept. of Agriculture*, 10th Dist. Franklin No. 78AP-64, 1978 WL 217043, *5 (Aug. 17, 1978). The Tenth District then applied the reasoning of *Superior Metal Products* to appeals brought under R.C. 119.12. *Id*. at *5, citing *Superior Metal Products, supra*, at 146.

{¶13} Further, appellate courts across Ohio have similarly relied on the reasoning of *Superior Metal Products* in the context of administrative appeals brought under R.C. 119.12. *Hayes v. Montgomery County Clerk of Courts*, 2d Dist. Montgomery No. 12479, 1991 WL 116656, *2 (June 26, 1991); *Kelley Med Care, Inc. v. Ohio State Bd. of Pharmacy*, 4th Dist. Lawrence Nos. 1815, 1816, and 1817, 1987 WL 17302, *5 (Sep. 22, 1987); *Chapman v. Ohio State Dental Bd*., 33 Ohio App.3d 324, 328, 515 N.E.2d 992 (9th Dist. 1986); *Abukhalil v. Ohio State Bd. of Pharmacy*, 8th Dist. Cuyahoga No. 86129, 2006-Ohio-176, ¶ 20 (following *Kelley*

*Med Care, Inc., supra*, at syllabus); *Citizens for Akron v. Ohio Elections Comm.*, 10th Dist. Franklin Nos. 11AP-152, 11AP-153, 2011-Ohio-6387, ¶ 30. *See also Harves v. Eyrich*, 1st Dist. Hamilton No. C-76868, 1978 WL 216382, fn. 4 (Mar. 29, 1978); *Hensel v. Bd. of Zoning Appeals Lake Tp.*, 5th Dist. Stark No. 2001-CA-00046, 2001 WL 1131058, *2 (Sep. 24, 2001).

{¶14} Following these decisions, we find that the reasoning of *Superior Metal Products* to be herein applicable. Because R.C. 119.12(N) gives a court of common pleas "the power to reverse and vacate decisions," a court of common pleas "necessarily * * * [has] the power to remand the cause to the decision maker." *Superior Metal Products, supra*, at 146. Thus, in the case before us, the court of common pleas did not abuse its discretion by vacating and then remanding this matter to the OLC. GPSI's sole assignment of error is, therefore, overruled.

## *Conclusion*

{¶15} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Hancock County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**SHAW, P.J. and ZIMMERMAN, J., concur.**

**/jlr**