[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 526.]

THE STATE EX REL. VICKERS ET AL., APPELLEES, *v.* SUMMIT COUNTY COUNCIL ET AL., APPELLANTS.

[Cite as *State ex rel. Vickers v. Summit Cty. Council*, 2001-Ohio-1622.]

*Elections—Mandamus sought to compel Summit County Council, its clerk, and Summit County Prosecuting Attorney to accept signed petitions for a proposed charter amendment at the November 6, 2001 election—Court of appeals' grant of writ as to county council and its clerk and denial of writ with regard to county prosecutor affirmed, when.*

(No. 01-1649—Submitted October 21, 2001—Decided October 23, 2001.)

APPEAL from the Court of Appeals for Summit County, No. 20724.

_____

*Per Curiam.*

{¶ 1} Appellees, Kristina L. Vickers, Brian K. Hatfield, and Michael J. King, are electors who are members of a committee formed for the purpose of filing a petition requesting appellant Summit County Council to submit a proposed charter amendment to the county electorate. The proposed charter amendment would combine the offices of county auditor and county treasurer into the office of county fiscal officer and require that the county fiscal officer be a certified public accountant. Relators did not file either a verified or certified copy of the petition with appellant Clerk of Council David E. Hannan before circulating the petition.

{¶ 2} On August 10, Hannan requested that the Summit County Prosecuting Attorney provide him with a legal opinion on whether R.C. 731.32 applies to initiative petitions to amend the charter. On August 20, the prosecutor issued an opinion determining that R.C. 731.32 applies to initiative petitions to amend the charter and that compliance with the statute is mandatory. The prosecutor concluded that "the Clerk may not accept initiative petitions where the circulator

did not file a certified copy of the petition with the Clerk prior to circulating the petition."

{¶ 3} On August 22, Hannan advised petitioner King that he could not accept the charter amendment petition based on the prosecutor's opinion because a verified copy of the uncirculated petition had not previously been filed with Hannan.

{¶ 4} Also on August 22, the petitioners filed a complaint in the Court of Appeals for Summit County for a writ of mandamus to compel appellants, the Summit County Council and its clerk, as well as the Summit County Prosecuting Attorney, "to accept the signed petitions assembled and circulated" on behalf of the committee composed of the petitioners. At 11:21 a.m. on August 23, the court of appeals ordered that the county council and its clerk accept the petition or show cause by 2:00 p.m. that same day why they should not do so. Just before 2:00 p.m., the county council, its clerk, and the county prosecutor filed an answer and a memorandum in opposition to the mandamus action.

{¶ 5} Shortly thereafter, still on August 23, the court of appeals entered a judgment granting the writ as to the county council and the clerk of the county council and denying the writ with regard to the county prosecutor. Judge Lynn Slaby was one of two court of appeals judges who signed the judgment.

{¶ 6} Twenty days following the judgment, on September 12, the county council and its clerk filed a notice of appeal from the judgment. On the same date, appellants filed motions to expedite the appeal and briefing schedule and to stay execution of the court of appeals' judgment. We denied these motions on September 17, 93 Ohio St.3d 1422, 754 N.E.2d 1269, and appellants filed their merit brief on September 24. This cause is now before us for consideration as an appeal of right.

{¶ 7} Appellants claim that the court of appeals erred in granting the writ. For the reasons that follow, we affirm the judgment of the court of appeals.

Moreover, because we are persuaded that a judgment on the merits is preferable here, we issue this judgment before the completion of briefing in this case.

{¶ 8} Under Section 4, Article X of the Ohio Constitution, "[a]mendments to a county charter * * * may also be submitted to the electors of the county in the manner provided in this section for the submission of the question whether a charter commission shall be chosen, to be voted upon at the first general election occurring not sooner than sixty days after their submission." Section 4 provides for submission of county charter amendments upon petition of eight percent of the county electors. Section 4, Article X of the Ohio Constitution ("The Legislative authority [which includes the board of county commissioners] of any county may by a two-thirds vote of its members, or upon petition of eight per cent of the electors of the county as certified by the election authorities of the county shall forthwith, by resolution submit to the electors of the county the question, 'Shall a county charter commission be chosen?' "); see, also, Section 5.06 of the Summit County Charter ("Proposed amendments to this Charter shall be submitted to the electors of the County by a vote of at least two-thirds of the members of the County Council or upon petitions signed by eight percent of the electors of the County as provided by the Ohio Constitution"). The provisions of Section 4, Article X are "self-executing" except as otherwise provided in that section. *Id.*

{¶ 9} The foregoing provisions of Section 4, Article X of the Ohio Constitution are similar to the provisions for amending city charters in Sections 8 and 9, Article XVIII of the Ohio Constitution. These provisions specify that once a petition for a charter amendment containing sufficient valid signatures is filed with either the county council under Section 4, Article X or city council under Sections 8 and 9, Article XVIII, the only entity with any duty of submitting the issue to electors is the council.

{¶ 10} In refusing to accept the charter amendment petition, appellants claimed that it violated R.C. 731.32, which requires that "[w]hoever seeks to

propose an ordinance or measure in a municipal corporation by initiative petition * * * shall, before circulating such petition, file a certified copy of the proposed ordinance or measure with the city auditor or the village clerk." Section 3.05, Article III of the county charter provides, "The provisions of general law relating to such right applicable to municipalities in effect at the time of the adoption of the Charter shall govern the exercise of such right hereunder, provided that all powers and duties respecting initiative and referendum petitions imposed upon city auditors or village clerks by general law shall be exercised by the Clerk of Council." The petitioners did not file a precirculation copy of their petition with the clerk of council.

{¶ 11} Although "[p]rocedures may be added to the constitutional amendment process if the additions do not conflict with the Ohio Constitution," *Morris v. Macedonia City Council* (1994), 71 Ohio St.3d 52, 55, 641 N.E.2d 1075, 1078, the R.C. 731.32 and county charter requirement of filing a precircluation copy of the charter amendment petition with a government official conflicts with the constitutional authority conferred upon the legislative authorities of cities and counties. Consequently, in *State ex rel. Blackwell v. Bachrach* (1957), 166 Ohio St. 301, 2 O.O.2d 219, 143 N.E.2d 127, paragraph five of the syllabus, we held, "The provisions of Sections 731.28 and 731.32, Revised Code, relative to the filing of an initiative petition with the city auditor or village clerk and to the certification of the ordinance or measure by such auditor or clerk to the board of elections do not apply to an initiative petition to amend a city charter, filed pursuant to Section 9, Article XVIII, Constitution of Ohio." Similarly, we hold that this requirement of R.C. 731.32, as made applicable by the charter, conflicts with Section 4, Article X of the Ohio Constitution relating to amending county charters.

{¶ 12} In this regard, Section 3, Article III of the county charter incorporates general law relating to municipalities, but that general law does not require the filing of a precirculation copy of a charter amendment petition. See

*Blackwell*, 166 Ohio St. at 305, 2 O.O.2d at 221, 143 N.E.2d at 131, where we rejected a comparable argument regarding the Cincinnati Charter.

{¶ 13} Moreover, appellants' complaints concerning the expedited election schedule in which the court of appeals decided this case are meritless. Election cases require the utmost diligence and promptness. By acting expeditiously, the court of appeals ensured a timely submission of the proposed charter amendment to the electorate. In fact, because appellees were entitled to the requested extraordinary relief, we can discern no prejudice to appellants.

{¶ 14} Finally, appellants contend that the judgment should be reversed because Judge Slaby should have recused himself from the case. Appellants assert that Judge Slaby's wife was one of the circulators of the charter amendment petition. Their evidence, however, is not contained in the record transmitted by the court of appeals, and we cannot add matter to the record before us and decide this appeal based upon that new matter. *State ex rel. Forsyth v. Brigner* (1999), 86 Ohio St.3d 299, 301, 714 N.E.2d 922, 924.

{¶ 15} Based on the foregoing, this appeal lacks merit. The court of appeals did not err in granting the writ. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., not participating.

————————————

*Amer Cunningham Co., L.P.A., Leonard W. Stauffenger* and *Betty J. Konen*, for appellees Kristina L. Vickers, Brian K. Hatfield, and Michael J. King.

*Sherri Bevan Walsh*, Summit County Prosecuting Attorney, *John P. Quinn*, Chief Counsel, Civil Division, and *Allyson Miller Leonard*, Assistant Prosecuting Attorney, for appellants.

_____