[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 400.]

THE STATE EX REL. VILLAGE OF CHAGRIN FALLS, APPELLANT, *v.* GEAUGA

COUNTY BOARD OF COMMISSIONERS, APPELLEE.

[Cite as *State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs.*,

2002-Ohio-4906.]

*Mandamus sought to compel Geauga County Board of Commissioners to conduct*

*a hearing on village of Chagrin Falls's second petition to annex land from*

*Bainbridge Township that the board previously denied—Court of appeals'*

*dismissal of complaint affirmed, when.*

(No. 2001-2082—Submitted June 26, 2002—Decided October 2, 2002.)

APPEAL from the Court of Appeals for Geauga County, No. 2001-G-2384.

———————————

**Per Curiam.**

{¶1} On July 22, 1998, appellant, village of Chagrin Falls, Ohio, filed a petition to annex 182.264 acres of land from Bainbridge Township, Ohio. On January 21, 1999, following a hearing, the Geauga County Board of Commissioners denied the village's petition. The village did not appeal the board's decision.

{¶2} On March 15, 2001, the village filed a second petition to annex the same property from Bainbridge Township. On August 23, 2001, the board denied the second petition based on res judicata. The board did not conduct a hearing under former R.C. 709.031(A)[1] on the village's second annexation petition.

{¶3} On September 24, 2001, the village filed a complaint in the Court of Appeals for Geauga County for a writ of mandamus to compel the board to conduct a hearing on the village's second annexation petition pursuant to former R.C.

---

1. 1984 Sub.H.B. No. 175, 140 Ohio Laws, Part I, 2196. Effective October 26, 2001, the provisions relating to the time for a hearing on an annexation petition are contained in R.C. 709.03(A). 2001 Am.Sub.S.B. No. 5.

709.031(A). The village did not allege in its petition that the board's denial of a hearing on the second annexation petition contravened the Ohio Constitution. The village also did not move for the disqualification of any of the appellate court judges. On August 31, 2001, the village filed an administrative appeal in the Geauga County Court of Common Pleas from the board's August 23, 2001 denial of the second annexation petition.

{¶4} On October 9, 2001, the court of appeals entered a judgment sua sponte dismissing the village's complaint for a writ of mandamus. The court of appeals reasoned that the village had an adequate remedy in the ordinary course of the law by way of its R.C. Chapter 2506 appeal from the board's denial of the second annexation petition.

{¶5} This cause is now before us upon the village's appeal as of right. The Bainbridge Township Board of Trustees filed an amicus curiae brief urging affirmance of the court of appeals' judgment.

{¶6} In its appeal as of right, the village asserts that the court of appeals erred in not granting its requested extraordinary relief in mandamus. R.C. 2731.05 provides that a "writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law." See, also, *State ex rel. Gaydosh v. Twinsburg* (2001), 93 Ohio St.3d 576, 578, 757 N.E.2d 357. "In order for an alternative remedy to constitute an adequate remedy at law, it must be complete, beneficial, and speedy." *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Serv.* (1998), 83 Ohio St.3d 179, 183, 699 N.E.2d 64.

{¶7} The village claims that an R.C. Chapter 2506 administrative appeal from the board's decision denying its second annexation petition is inadequate because it is not complete, beneficial, and speedy. The village specifically asserts that its administrative appeal would not permit the common pleas court to remand the matter to the board and that the common pleas court's potential consideration of additional evidence is inadequate.

**{¶8}** Under R.C. 2506.04, in an appeal from the board's decision, the common pleas court "may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with findings or opinion of the court." In *Superior Metal Products, Inc. v. Ohio Bur. of Emp. Serv.* (1975), 41 Ohio St.2d 143, 146, 70 O.O.2d 263, 324 N.E.2d 179, we held that "a court's remand effectuates a revival of jurisdiction over a cause which may enable the subordinate tribunal or administrative body to conduct further proceedings and to render a new decision." Although *Superior Metal* did not involve an R.C. Chapter 2506 appeal, appellate courts have applied it and held that common pleas courts have authority in R.C. Chapter 2506 administrative appeals to remand for further proceedings, including a new hearing. See, e.g., *Neary v. Moraine Bd. of Zoning Appeals* (July 30, 1999), 2d Dist. No. 17428, 1999 WL 960777; *Hensel v. Lake Twp. Bd. of Zoning Appeals*, 5th Dist. No. 2001-CA-00046, 2001-Ohio-1377, 2001 WL 1131058; *Perez v. Cleveland Bd. of Zoning Appeals* (Jan. 13, 2000), 8th Dist. No. 75166, 2000 WL 23123; *In re Rocky Point Plaza Corp.* (1993), 86 Ohio App.3d 486, 496-497, 621 N.E.2d 566.

**{¶9}** Although some appellate cases have held otherwise, see, e.g., *Zannieri v. Norwalk Bd. of Bldg. & Zoning Appeals* (1995), 101 Ohio App.3d 737, 740, 656 N.E.2d 711, and *Mad River Sportsman's Club, Inc. v. Jefferson Twp. Bd. of Zoning Appeals* (1993), 92 Ohio App.3d 273, 277, 634 N.E.2d 1046, we find that the cases applying *Superior Metal* are more persuasive.

**{¶10}** As the court of appeals in *Neary* cogently observed, the additional language in R.C. 2506.04 regarding remanding the cause with instructions to "enter an order, adjudication, or decision consistent with the findings or opinion of the court" does not prohibit the administrative tribunal or officer to which a cause is remanded from conducting further proceedings:

**{¶11}** "[W]e note that the statute at issue in *Superior Metal* [i.e., R.C. 4141.28(O)] is more restrictive of the trial court's power to remand than the statute applicable in *Rocky Point Plaza* and the present case [i.e., R.C. 2506.04] in that it does not expressly provide for remand to the agency, but instead limits the court's authority to reversal, vacation, or modification of the agency's decision. See R.C. 4141.28(O). In contrast, R.C. 2506.04 explicitly allows for remand from the trial court to the agency so long as the court also instructs the agency to enter a decision consistent with the court's opinion. This power is bestowed upon the common pleas court in addition to the power to reverse and vacate or modify an administrative decision under the statute. For this reason, the common pleas court's power to remand a case to the administrative agency should be read as being no more restricted, and perhaps even less restricted, under R.C. 2506.04 than it is under R.C. 4141.28(O). Moreover, the language of R.C. 2506.04 does not, in our view, require the common pleas court to dictate to the agency precisely what the decision pursuant to remand must be, nor does *Superior Metal* support that proposition. Once a court remands to the administrative agency, the agency's jurisdiction over the matter is revived. *Superior Metal*, supra [41 Ohio St.2d] at 146 [70 O.O.2d 263, 324 N.E.2d 179]. That being so, the agency may conduct further proceedings and render a new decision." *Neary*, 2d Dist. No. 17428, at 12-13.

**{¶12}** Under *Superior Metal* and the foregoing appellate cases, common pleas courts are authorized under R.C. 2506.04 to reverse an administrative decision and remand the cause to the administrative body to conduct further proceedings on the matter.

**{¶13}** Moreover, the common pleas court could consider additional evidence in the administrative appeal if any of the circumstances in R.C. 2506.03(A)(1) to (5) applies. In other words, R.C. 2506.03 " 'contains a liberal provision for the introduction of new or additional evidence to be heard by a reviewing court.' " *Elbert v. Bexley Planning Comm.* (1995), 108 Ohio App.3d 59,

4

72, 670 N.E.2d 245, quoting *In re Annexation of Certain Territory* (1992), 82 Ohio App.3d 377, 381, 612 N.E.2d 477.

**{¶14}** Therefore, the village has an adequate remedy by way of its R.C. Chapter 2506 appeal from the board's denial of its second annexation petition to raise its claims. See *Heiney v. Sylvania Twp. Bd. of Zoning Appeals*, 126 Ohio App.3d 391, 397, 710 N.E.2d 725, where a court of appeals remanded a cause to the common pleas court with instructions either to remand the cause to a board of zoning appeals for an appropriate hearing as defined in the court of appeals opinion or to conduct an evidentiary hearing itself in accordance with R.C. 2506.03. This remedy is complete, beneficial, and speedy. Any claims of delay or inconvenience from pursuing its administrative appeal do not prevent the village's appeal from constituting a plain and adequate remedy in the ordinary course of the law. *State ex rel. Natl. Elec. Contrs. Assn.*, 83 Ohio St.3d at 183, 699 N.E.2d 64; *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph one of the syllabus.

**{¶15}** The village next contends that the board's failure to conduct a hearing on its second annexation petition denied the village its inalienable constitutional right under Section 1, Article X of the Ohio Constitution to expand its territory and also violated Section 18, Article I of the Ohio Constitution by in effect suspending former R.C. 709.031(A). The village, however, waived these claims by failing to raise them in the court of appeals. See *State ex rel. Porter v. Cleveland Dept. of Pub. Safety* (1998), 84 Ohio St.3d 258, 259, 703 N.E.2d 308; *State ex rel. BSW Dev. Group v. Dayton* (1998), 83 Ohio St.3d 338, 345, 699 N.E.2d 1271. Moreover, the village can raise these claims in its administrative appeal.

**{¶16}** The village finally asserts that the judgment of the court of appeals should be reversed because the court of appeals judge who authored the unanimous decision dismissing the village's mandamus action was biased. According to the village, that judge had previously served as a state representative and sponsored

legislation that would have denied the right of property owners to freely annex their property from a township to a municipality.  But the village's contentions concerning bias are not supported by evidence in the record transmitted by the court of appeals, and we cannot add matter to the record before us and decide this appeal based upon that new matter.  See *State ex rel. Vickers v. Summit Cty. Council* (2001), 93 Ohio St.3d 526, 529, 757 N.E.2d 310, where we rejected a comparable assertion that a court of appeals judge should have recused himself from a case when the record failed to contain any evidence supporting the assertion.  In addition, "a judge is not automatically disqualified from a case on the basis of having sponsored or voted upon a law in the state legislature that he is later called upon to review as a judge." *Buell v. Mitchell* (C.A.6, 2001), 274 F.3d 337, 346.

{¶17} Based on the foregoing, the court of appeals correctly denied the village's action for extraordinary relief in mandamus.  The village has an adequate legal remedy by way of its pending administrative appeal.  Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Joseph W. Diemert Jr., Director of Law, and Diane A. Calta, Assistant Director of Law, for appellant.

Laura A. LaChapelle, Geauga County Assistant Prosecuting Attorney, for appellee.

Walter & Haverfield, L.L.P., Charles T. Riehl and Frederick W. Whatley, urging affirmance for amicus curiae Bainbridge Township Board of Trustees.

_____