JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellants, Brookside Auto Parts, Inc. and Jeanette Blake (collectively "Brookside"), appeal from the trial court's judgment affirming the decision of the Cleveland Board of Zoning Appeals, which denied Brookside's appeal of the City's issuance of three Notices of Violation to Brookside. We reverse and remand.
I. Appeal to the Board of Zoning Appeals
 {¶ 2} Brookside, a family-owned business, has operated an automobile wrecking and storage/dismantling business on Pearl Road (a/k/a West 25th Street) in Cleveland for over 40 years. The business, which is situated under the Brooklyn Brighton W. 25th Street Bridge, is located on both the east and west sides of Pearl Road where the road dead ends under the bridge.
 {¶ 3} In October 1990, the City, through its Board of Zoning Appeals, granted Brookside a variance from its requirement that all automobile storage and wrecking yards must construct a seven-foot high wall or fence surrounding their property to screen the yards from nearby residential neighbors. The Board passed two resolutions granting the variance; one applied to the east side of the street, the other to the west side.
 {¶ 4} One of Brookside's owners, Michael Blake, subsequently applied for the appropriate permits and Certificate of Occupancy to reflect the legality of *Page 4 
Brookside's operation in light of the variance. The City issued the permits but not the Certificate of Occupancy.
 {¶ 5} In the mid-1990's, City Building Inspector Harold Cooley advised Brookside that there was no record of any Certificate of Occupancy having been issued. Michael Blake again completed the appropriate forms and, after repeated calls to City offices, finally received a Certificate of Occupancy after more than three years. The Certificate, dated November 10, 2000, listed the address as 3979 Pearl Road, which was and is the business address used by Brookside for all its operations on both sides of the street, although it incorrectly listed Jeanette Blake as the owner of that property. (3979 Pearl Road is on the east side of Pearl Road; Jeanette Blake owns property used by Brookside on the west side of Pearl Road.) Upon receipt of the Certificate, Michael Blake assumed that because he had applied for permits and a Certificate of Occupancy regarding both variances, the Certificate applied to Brookside's entire operation, on both sides of the street.
 {¶ 6} At the hearing before the Board of Zoning Appeals, Mr. Cooley testified that the Certificate of Occupancy did indeed apply to both sides of the street:
 {¶ 7} "We looked at the property as one address. I inherited this from the Building Inspector that had been here 30 years and had passed and all my paperwork came from the City. When I went down there, the bridge went *Page 5 
through the middle and there were two sides and there were junk cars everywhere. It was obvious the junkyard was on two sides of the street. The building was on one side and we always used the address of 3979 and that was on all the City forms that I got.
 {¶ 8} "Now, you know, as far as dividing everything into this piece and that piece, when we went to issue the Certificate of Occupancy, it was for both sides of the street, which we considered one address was the junkyard, one side was storage and dismantling, and the other side was storage, but you had a building on one side of the street and that's the way we looked at it until I left the City."
 {¶ 9} Mr. Cooley left his employ with the City in 2006. On January 5 and 6, 2007, a new inspector, Allan Wrana, issued two Notices of Violation to Brookside based upon Brookside's alleged lack of a Certificate of Occupancy to operate its auto wrecking and salvage business on the west side of the street. On January 17, 2007, he issued another Notice of Violation to Brookside based upon its alleged unauthorized use of the east side of the street as a used car sales lot.
 {¶ 10} Brookside appealed the Notices of Violation to the Board of Zoning Appeals, and claimed that the City Inspector's actions in issuing the Notice of Violations were arbitrary, capricious and unreasonable. At a hearing before the Board on August 6, 2007, Brookside argued that it had applied for and obtained *Page 6 
permits in 1991 for both sides of the street and the Certificate of Occupancy subsequently issued in light of those permits therefore applied to Brookside's operation on both sides of the street.
 {¶ 11} Although Brookside requested documents from the City's Housing and Building Department prior to the hearing, the City had not responded to Brookside's request as of the date of the hearing. Accordingly, although Brookside had a copy of the permit issued in 1991 for the east side of the street, it did not have a copy of the permit issued for the west side of the street. The transcript of the BZA hearing reflects that this was apparently an important factor in the Board's decision:
 {¶ 12} "MS. HUBER: [T]he Certificate of Occupancy may not say a parcel, but it says a Permit was issued, the number, and the year that it was issued. Now, if the appellant has in his record or his possessionsomething that says that same Permit was issued for across the street[the west side], I guess then that's different. But, right now, because I do have a copy from the records of the City and this Certificate of Occupancy was issued on Permit Number (m)68365, and according to ACCELA, which are the City's records, the City reflects it was issued 10/11/1991, Permit to maintain a junkyard/storage yard as per the Permit, 3979 Pearl Road [the east side of the street].
 {¶ 13} "CHAIRMAN JOHNSON: And, that's what we go for." (Emphasis added.) *Page 7 
 {¶ 14} The Board denied Brookside's appeal at the August 6, 2007 hearing. It issued a resolution formally approving and adopting its decision on August 13, 2007.
II. Appeal to the Common Pleas Court
 {¶ 15} Brookside filed an appeal of the Board's decision to the common pleas court under R.C. Chapter 2506. It subsequently withdrew its appeal regarding the violation pertaining to its use of the premises on the east side of the street as a used car sales lot, leaving only the issue of whether the Inspector's actions in issuing the Notices of Violation regarding Brookside's use of the west side of the street were arbitrary and capricious.
 {¶ 16} The Board of Zoning Appeals timely filed the record of its proceedings regarding Brookside's appeal in the common pleas court. Along with the transcript of the August 6, 2007 hearing, it filed a copy of its August 13, 2007 resolution adopting its decision denying Brookside's appeal. With respect to Brookside's alleged violations regarding its use of the west side of the street, the resolution stated:
 {¶ 17} "Whereas, after due consideration of the testimony and other evidence submitted at the hearing, the Board finds that the decision of the Building and Housing Department to issue a Notice of Violation on January 5, 2007 for the property identified as 3968 Pearl Road aka 3970 Pearl Road for noncompliance under the provisions of Section 327.02(c) citing unauthorized use *Page 8 
as a motor vehicle storage and wrecking yard was neither arbitrary nor capricious.
 {¶ 18} "Whereas, after due consideration of the testimony and other evidence submitted at the hearing, the Board finds that the decision of the Building and Housing Department to issue a Notice of Violation on January 6, 2007 for the property identified as 3990 Pearl Road for noncompliance under the provisions of Section 327.02(c) citing unauthorized use as a motor vehicle storage and wrecking yard was neither arbitrary nor capricious; now therefore,
 {¶ 19} "Be it resolved that the decision of the Building and Housing Department to issue the Notices of Violations heretofore is hereby upheld and the appeal is denied."
 {¶ 20} Brookside subsequently moved to supplement the record. It argued that
 {¶ 21} the City's Building and Housing Department had not responded to its discovery request until two days after the BZA hearing. In the documents produced by the City, Brookside found an application and apermit issued in 1991 for the west side of the street-the very documents Ms. Huber had indicated would have made a difference in the Board's resolution of Brookside's appeal.
 {¶ 22} Brookside also moved for a de novo hearing in the trial court because the Board had failed to file conclusions of fact to support its final decision, as *Page 9 
required by R.C. 2506.03(A)(5). The trial court denied both motions and subsequently affirmed the decision of the Board.
III. Brookside is entitled to a de novo hearing
 {¶ 23} In its fifth assignment of error, Brookside argues that the trial court erred in denying its motion for an oral hearing regarding its appeal because the Board of Zoning Appeals did not file conclusions of fact supporting its final decision.
 {¶ 24} R.C. Chapter 2506 authorizes the common pleas court to hear appeals from decisions of officers, boards, bureaus, commissions, departments, or other divisions of political subdivisions. R.C. 2506.03
provides that the hearing of such an appeal "shall proceed as in the trial of a civil action," but confines the reviewing court's consideration to the transcript "of all the original papers, testimony, and evidence offered, heard, and taken into consideration" in issuing the decision from which the appeal is taken, unless any of several listed circumstances apply. Pertinent to this case, under R.C. 2506.03(A)(5) and 2506.03(B), an oral hearing on the appeal is required if "the officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision." At the oral hearing, "the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party."
 {¶ 25} It is apparent in this case that the Board did not file conclusions of fact to support its decision upholding the Building and Housing Department's *Page 10 
decision to issue the Notices of Violation and denying Brookside's appeal. The resolution filed by the Board states only that the Board concluded that the City Inspector's decision to issue the Notices of Violation "was neither arbitrary nor capricious." This is not a finding of fact; it is a conclusion of law. The Board's resolution contains no reference to any evidence, i.e., facts, it considered in reaching its decision. And the Board's statement that it reached its decision "after due consideration of the testimony and other evidence submitted at the hearing" offers no insight into what evidence the Board found dispositive in making its decision.
 {¶ 26} The City argues, and the trial court agreed, that the transcript of the hearing before the Board contains the necessary factual findings because it reflects that during the hearing, one of the commissioners reviewed what he considered the facts to be and then stated his opinion of how the Board should decide Brookside's appeal based on those facts. We are not persuaded.
 {¶ 27} R.C. 2506.03(A)(5) requires that conclusions of fact be filed "with" the transcript. Words in a statute must be given their common, plain, and ordinary meaning unless a contrary intention clearly appears or is otherwise indicated. Cahill v. Bd. of Zoning Appeals (1986),30 Ohio App.3d 236, 237, citing 50 Ohio Jurisprudence 2d (1961), 156-157, Statutes, Section 181. Considering the ordinary meaning of the words in R.C. 2506.03(A)(5), we cannot conclude that conclusions of fact are appropriately contained "in" the transcript. *Page 11 
The statute explicitly requires separate conclusions of fact, apart from the transcript of the hearing.
 {¶ 28} Further, the musings of a Board member during the hearing are not "conclusions of fact." There is nothing in the record to indicate that the Board adopted this member's statement of the facts as true or that it based its final decision upon this member's perception of the facts.
 {¶ 29} R.C. 2506.03(A)(5) requires that conclusions of fact supporting the final decision be filed in the common pleas court with the transcript. R.C. 2506.03(B) provides that when the officer or body fails to file such conclusions of fact, the trial court must hold a hearing at which any party may introduce additional evidence. Because the Board did not file conclusions of fact in this case, the trial court erred in denying Brookside's motion for an oral hearing on its appeal.
 {¶ 30} Appellants' fifth assignment of error is sustained.
IV. Additional evidence may be presented at the hearing
 {¶ 31} In its sixth assignment of error, Brookside argues that the trial court erred in not allowing it to supplement the record with the documents it received from the City after the hearing before the Board. We agree.
 {¶ 32} The Ohio Supreme Court has stated that R.C. 2506.03 "makes liberal provision for the introduction of new or additional evidence" if one of the exceptions in the statute applies. Cincinnati Bell, Inc. v.Village of Glendale *Page 12 
(1975), 42 Ohio St.2d 368, 370; see, also, State ex rel. Chagrin Fallsv. Geauga Cty. Bd. of Commrs., 96 Ohio St.3d 400, 2002-Ohio-4906, ¶ 13. "This means a party is not limited to reproducing the evidence introduced at the administrative hearing, as may be necessary if the transcript contains errors or omissions. Rather, the party now can introduce evidence which the administrative agency did not have the opportunity to hear." Gonda v. Austintown Twp. Bd. of ZoningAppeals, 7th Dist. No. 05 MA 14, 2006-Ohio-670, ¶ 35. See, also, In re Annexation of Certain Territory (1992),82 Ohio App.3d 377.
 {¶ 33} Once one of the exceptions set forth in R.C. 2506.03 applies, the common pleas court "is free to hear any new evidence introduced by the parties in order to determine whether an administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Gonda, ¶ 37.
 {¶ 34} Because the Board did not file conclusions of fact with the transcript as required by R.C. 2506.03(A)(5), the trial court should have held an oral hearing and allowed Brookside to supplement the record with the additional documents or other evidence. Accordingly, the trial court erred in denying Brookside's motion to supplement the record.
 {¶ 35} Appellants' sixth assignment of error is sustained. In light of our resolution of appellants' fifth and sixth assignments of error, assignments of error one, two, three, and four are overruled as moot. See App. R. 12(A)(1)(c). *Page 13 
Reversed and remanded.
It is ordered that appellants recover from appellees costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, A.J., and ANN DYKE, J., CONCUR. *Page 1