[Cite as *Lee v. Lafayette Twp. Bd. of Zoning Appeals*, 2012-Ohio-5563.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

WILLIAM LEE, et al.

    Appellants

    v.

LAFAYETTE TOWNSHIP BOARD OF
ZONING APPEALS, et al.

    Appellees

C.A. No.     12CA0028-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    09CIV2436

DECISION AND JOURNAL ENTRY

Dated: December 3, 2012

WHITMORE, Presiding Judge.

{¶1}    Appellants, William and Nicole Lee ("the Lees"), appeal from an order of the Medina County Court of Common Pleas dismissing their appeal. This Court reverses.

I

{¶2}    The Schwab family had built a cottage on their Chippewa Lake property in the 1930s, but it was demolished after suffering severe storm damage in 1999. The property has since remained vacant. In 2006, the Lees purchased property adjacent to the vacant lot owned by Appellee, the Schwab Family Trust. After purchasing the property, the Lees made renovations to maximize their view of the lake. Subsequently, the Schwab Family Trust ("the Schwabs") sought several zoning variances so that it could rebuild on the vacant lot. The structure that was proposed would have interfered with the Lees' view of the lake.

{¶3}    After a hearing, the Lafayette Township Board of Zoning Appeals ("the Zoning Board") granted the Schwabs the five requested variances. The Lees appealed the Zoning

Board's decision to the Medina County Court of Common Pleas, which affirmed the Zoning Board. The Lees appealed to this Court and we reversed and remanded because the trial court did not consider the Zoning Board's "interpretation and application of Lafayette Township Zoning Resolution Section 706." *Lee v. Lafayette Twp. Bd. of Zoning Appeals*, 193 Ohio App.3d 795, 2011-Ohio-2086, ¶ 11 (9th Dist.). Section 706 is a provision which exempts certain properties that pre-date the adoption of the zoning resolution, thereby making certain variances unnecessary.

{¶4} On remand, the trial court determined that there was insufficient evidence from the Zoning Board's hearing to determine how, or if, Section 706 applied to the Schwabs' property. On June 27, 2011, the trial court "remand[ed] this matter back to the Lafayette Township Board of Zoning Appeals to conduct an evidentiary hearing to determine whether or not: 1) the property at issue is an eligible lot under Section 706; and 2) if it is an eligible lot, whether or not the lot would be exempt from certain area and width requirements, such that a variance would be unnecessary." The trial court did not reverse or vacate the Zoning Board's decision, nor did it close the case after it remanded.

{¶5} In compliance with the remand order, the Zoning Board held an evidentiary hearing on October 7, 2011, and determined that Section 706 did apply to the property, which made one of the five variances unnecessary. The board refused to address the merits of the remaining variances believing that was outside the scope of the remand. At the Zoning Board hearing, the attorneys disagreed about whether the Zoning Board's previous decision to grant the remaining four variances remained in effect. Attorneys for the Appellees expressed the opinion that the issue was still on appeal with the court of common pleas and that the "next step" was for the Zoning Board to file its decision with the trial court, which it did on January 6, 2012.

{¶6} On February 29, 2012, the Schwab Family Trust filed a motion to dismiss, arguing that the Lees failed to perfect an appeal within the required thirty days from the Zoning Board's January 2012 decision. The Lees opposed the motion to dismiss, arguing that the original appeal was still pending with the trial court and that the remand to the Zoning Board was merely to gather more information for the trial court to make its determination. The trial court granted the Schwab Family Trust's motion to dismiss, and the Lees now appeal, raising three assignments of error for our review. To facilitate the analysis, we consolidate the assignments of error.

II

Assignment of Error Number One

THE COMMON PLEAS COURT ERRED IN HOLDING THAT THE NOTICE FILED BY THE BOARD IN THE EXISTING CASE AFTER REMAND FOR THE PURPOSES OF AN EVIDENTIARY HEARING WAS A FINAL APPEALABLE ORDER.

Assignment of Error Number Two

THE DECISION OF THE COMMON PLEAS VIOLATES THE LEES' DUE PROCESS RIGHTS.

Assignment of Error Number Three

THE COMMON PLEAS COURT ERRED IN HOLDING THAT THE LEES WERE AGGRIEVED BY THE JANUARY 6, 2012 NOTICE, AND THEREFORE WOULD BE ABLE TO APPEAL FROM THAT NOTICE.

{¶7} In their three assignments of error, the Lees argue that the trial court erred in finding that they were required to appeal from the Lafayette Township Board of Zoning Appeals' January 2012 decision. Because the trial court's remand exceeded its statutory authority, we reverse without reaching the merits of the Lees' arguments.

{¶8} "Under R.C. 2506.04, in an appeal from the board's decision, the common pleas court 'may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the

cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with findings or opinion of the court.'" *State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs.*, 96 Ohio St.3d 400, 2002-Ohio-4906, ¶ 8, quoting R.C. 2506.04.

{¶9} Previously, this Court reversed and "remanded [this case] for the trial court to address Section 706." *Lee*, 193 Ohio App.3d 795, 2011-Ohio-2086, at ¶ 15. The trial court subsequently remanded the case to the Zoning Board "to conduct an evidentiary hearing to determine whether or not: 1) the property at issue is an eligible lot under Section 706; and 2) if it is an eligible lot, whether or not the lot would be exempt from certain area and width requirements, such that a variance would be unnecessary." The trial court's order did not reverse, vacate, or modify the previous Zoning Board decision, nor did the trial court remand with instructions for the Zoning Board to enter a decision consistent with its findings or opinion. *See* R.C. 2506.04. In short, the trial court had no statutory authority to remand the case to the Zoning Board for the purpose of conducting an evidentiary hearing. *Id.*

{¶10} R.C. 2506.03 specifies certain circumstances in which the trial court may accept additional evidence on an appeal from an administrative decision. In this case, there is no indication in the record that any of these circumstances existed. Therefore, the trial court was left with the statutory options listed in R.C. 2506.04, i.e., to affirm, reverse, vacate, or modify the Zoning Board's decision. Because the trial court's remand order went beyond its statutory authority, we vacate the order and the Zoning Board's decision that followed.

{¶11} Having concluded that the trial court exceeded its authority in remanding the case to the Zoning Board for an evidentiary hearing, the Lees' assignments of error are moot.

{¶12} In reviewing the record, we note some confusion about the effect of this Court's previous decision on the variances granted by the Zoning Board. To be clear, the Zoning

Board's original decision to grant the variances is unaffected by either our prior decision or this decision today.

III

{¶13} The trial court's order remanding the matter to the Zoning Board for an evidentiary hearing is vacated. The Lees' assignments of error are moot. The judgment of the Medina County Court of Common Pleas is reversed and the cause is remanded for the trial court to address the applicability of Section 706, or to reverse the original decision of the Zoning Board and remand the case to the Zoning Board to consider Section 706 in the first instance.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

---

BETH WHITMORE
FOR THE COURT

MOORE, J.
CARR, J.
CONCUR.

APPEARANCES:

J. DOUGLAS DRUSHAL and ANDREW P. LYCANS, Attorneys at Law, for Appellants.

MICHAEL L. LARIBEE, Attorney at Law, for Appellee.

TOM J. KARRIS, Assistant Prosecuting Attorney, for Appellee.