[Cite as *Koach v. Shaker Hts.*, 2017-Ohio-5748.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105024

---

## JULES N. KOACH, ET AL.

### DEFENDANTS-APPELLANTS

### vs.

## CITY OF SHAKER HEIGHTS

### PLAINTIFF-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-854207

**BEFORE:** E.T. Gallagher, J., Keough, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** July 6, 2017

**ATTORNEY FOR APPELLANTS**

Jules N. Koach
526 Superior Avenue, East, Suite 220
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

William M. Ondrey Gruber
Law Director
City of Shaker Heights

BY:    Lisa Gold-Scott
Assistant Director of Law
3400 Lee Road
Shaker Heights, Ohio 44120

EILEEN T. GALLAGHER, J.:

**{¶1}** Appellants, Jules N. Koach and Carole L. Koach (together "appellants"), appeal the judgment of the Cuyahoga County Common Pleas Court denying their request for a hearing to present additional evidence in support of their administrative appeal pursuant to R.C. 2506.03(A)(5) and 2506.03(B). Appellants raise the following assignment of error for our review:

> 1. The trial court erred, to the prejudice of appellants, when it based its hearing of appellants' appeal of the October 7, 2015 decision of the Board of Appeals of appellee Shaker Heights only upon the administrative transcript filed pursuant to R.C. 2506.02 and denied appellants the right to introduce additional evidence, and the opportunity to call, as if upon cross-examination, any witness who previously gave testimony in opposition to appellants, as provided for by R.C. 2506.03(A)(5) and 2506.03(B), when the administrative transcript filed by appellee failed to include conclusions of fact supporting its final order, adjudication or decision, as required by R.C. 2506.03(A)(5).
>
> 2. The trial court erred, to the prejudice of appellants, when it denied to appellants remedy by due course of law in violation of Article 1, Section 16 of the Ohio Constitution when it denied to them the right to introduce additional evidence in court, and the opportunity to call, as if upon cross-examination, any witness who previously gave testimony in opposition to appellants, as provided for by R.C. 2506.03(A)(5) and 2506.03(B), when the administrative transcript filed by appellee fails to include conclusions of fact supporting its final order, adjudication or decision, as required by R.C. 2506.03(A)(5).
>
> 3. The trial court erred, to the prejudice of appellants, as a matter of law, when it found, based only on the administrative transcript filed by appellee, that the decision of the appellee's Board of Appeals was not illegal, arbitrary or unreasonable, and was supported by the preponderance of substantial, reliable and probative evidence on the whole record.

**{¶2}** After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

**{¶3}** Appellants are the owners and residents of a single-family home located in the city of Shaker Heights, Ohio. On August 18, 2015, appellants received a Notice of Sidewalk Violation from appellee, city of Shaker Heights (the "City"), informing appellants that they were

required to replace one block of sidewalk abutting their property. The notice informed appellants that they had the option of having the City replace the sidewalk and be billed the cost, or to hire a contractor themselves to perform the sidewalk replacement. The notice further provided appellants with the option to appeal the notice to the City's administrative Board of Appeals (the "Board").

{¶4} On September 16, 2015, appellants appealed the alleged violation to the Board, arguing that the sidewalk condition referenced in the notice "exists because the extensive root growth of a large tree planted [by the City] within the tree lawn in front of appellants['] property." Appellants maintained that "to the extent [the sidewalk] is in need of repair or replacement it is solely because the City of Shaker Heights failed to abate the condition."

{¶5} Following a hearing held on October 7, 2015, the chairperson of the Board sent appellants a letter, dated October 13, 2015, informing them that their appeal was denied. The letter, entitled "Decision of the Board of Appeals," included the following "findings of fact":

1.  The City sent Appellant a letter dated August 18, 2015, along with a Notice of Sidewalk Violation. The Notice required the property owner to replace one block of the sidewalk. The letter and Notice gave the owner the option of having the City replace the sidewalk block with concrete or sandstone, or to hire a contractor herself to replace the sidewalk block. The owner's choice of options was required to be returned to the City by September 20, 2015. The letter stated that the owner had until October 20, 2015, to replace the block herself, if that was the option she selected. The owner was also given the option to appeal the Notice to the Director of Public Works in writing within 30 days; i.e. by September 18, 2015.

2.  On September 16, 2015, the City received, by hand delivery, a notice of appeal from Appellants appealing the Notice of Sidewalk and Apron Violation. Appellants state in their appeal that:

a.  The condition referred to in the Notice of Sidewalk and Apron Violation issued on August 18, 2015 (Block #1) exists because of the extensive root growth of a large tree planted within the tree lawn in front of appellants' property.

b. To the extent that the Director of Public Works has determined that Block #1 is in need of repair or replacement it is solely because the City of Shaker Heights has failed to abate the condition, and that if said condition constitutes a continuing nuisance, it is a continuing nuisance that the City has failed to abate.

c. Patrick Neville, the City Forrester, is well aware of the existing condition. However, he has stated that because the tree appears to be healthy, he is without authority to order the tree's removal.

d. Apart from this appeal, the tree's extended root system is also resulting in damage to the front lawn of appellants' property, and that this damage is diminishing the economic value of appellants' home, and their present use and enjoyment of said property.

3. Mr. Koach testified on his own behalf, and called Patrick Neville, Patricia Speese, and Shane Bell as witnesses. He presented 8 exhibits, including the City's letter dated August 18, 2015, Appellant's letter of appeal dated September 16, 2015, Appellant's letter dated September 29, 2015, and 5 photographs of his sidewalk and tree lawn.

4. The evidence provided by Appellant and the City staff who testified, confirmed that the roots of the tree lawn tree have caused the one sidewalk block at issue to sink by 1 inch or more, creating a violation of the City's sidewalk standards.

5. Appellant contends that as the owner of the property adjacent to the sidewalk, he should not be responsible to pay for the repair or replacement of a sidewalk block that was made non-compliant with City standards by roots from a tree in the tree lawn, because the tree lawn is in the City's right of way.

6. The City's Director of Public Works, Patricia Speese, testified that it is City policy to pay for needed sidewalk repairs by charging the adjacent property owner, rather than using the City's general fund or property assessments to all residents. Pat Neville, the City's Forrester, testified that in some cases roots can be cut, depending the specific situation. He said he would need to look at the roots under the sidewalk block after it is removed to determine if they can be cut, and to what extent. Ms. Speese also said that sidewalk blocks where there are extensive tree roots, may be laid in a manner to avoid the roots when necessary.

{¶6} In addition, the Decision rendered the following two "conclusions of law":

1. The City demonstrated by uncontroverted evidence that the Notice of Sidewalk Violation to appellant was valid and supported by the photographic evidence and testimony presented by the City's staff. The sidewalk represents a trip hazard and violates City standards for sidewalks.

2. Pursuant to Chapter 155 of the City's ordinances, property owners are responsible for the cost to maintain and repair the sidewalk adjacent to their property. Tree root damage occurs due to the existence of many trees in the City, and is a natural event. The City would only be responsible for the cost if it directly caused the damage by its act, such as a snow plow causing the damage.

Therefore, the Board finds, by a vote of 4-0 that the Appellant's appeal is denied.

{¶7} On November 12, 2015, appellants filed a notice of appeal from the decision and order of the Board with the Cuyahoga County Court of Common Pleas.

{¶8} On December 22, 2015, the Board filed "the complete transcript of all original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the decision appealed from pursuant to R.C. 2506.02." The filing included (1) the transcription of the digitally recorded hearing held on October 7, 2015, (2) the agenda of the Board's meeting held on October 7, 2015, (3) a copy of the August 18, 2015 Notice of Sidewalk Violation, (4) a copy of appellants' notice of appeal, (5) photographs of the subject property and sidewalk, (6) a copy of the October 13, 2015 Decision of the Board, and (7) signed minutes of the Board's meeting held on October 7, 2015.

{¶9} On May 2, 2016, appellants filed a motion seeking a pretrial conference and a stay of proceedings, arguing that it was entitled to a de novo hearing based on the Board's failure "to file with the transcript conclusions of fact supporting the final decision" as required under R.C. 2506.03(A)(5). On May 13, 2016, appellants' counsel reiterated the foregoing position in an affidavit filed pursuant to R.C. 2506.03(A).

{¶10} On June 23, 2016, the trial court denied appellants' motion to stay, but determined that it was required to hold an additional evidentiary hearing pursuant to R.C. 2506.03(B). The trial court stated, in pertinent part:

The Court finds, however, that the notice sent to Appellants in the form of a letter from the Chairperson of the Board of Appeals of the City of Shaker Heights and filed as part of the record as findings of fact and conclusions of law is not sufficient as there is nothing in the record to indicate that the Board adopted the Chairperson's statement as true or that it based its final decision upon these stated findings of fact and conclusions of law. *See Brookside Auto Parts, Inc. v. Cleveland*, 8th Dist. Cuyahoga No. 91721, 2009-Ohio-967, ¶ 28; *see also* affidavit of Appellant Jules N. Koach pursuant to Ohio Revised Code Section 2506.03, filed 05/18/16. R.C. 2506.03(B) requires the Court to hold an evidentiary hearing should an officer or body fail to file with the transcript conclusions of fact supporting the final order, adjudication, or decision. R.C. 2506.03(A)(5). Hearing set for /08/30/16 at 1:30 p.m.

**{¶11}** On July 5, 2016, the City filed a motion for reconsideration, arguing the trial court's order "misinterpreted the *Brookside* case," and

effectively nullifies every decision of the City's Board of Appeals * * * while giving no direction as to how the City's Board can, in the future, change its procedures to meet the Court's new interpretation of the requirements of R.C. 2506.03.

**{¶12}** On August 26, 2016, the court granted the motion for reconsideration and cancelled the scheduled evidentiary hearing, stating:

City of Shaker Height's Motion for Reconsideration, filed 07/05/2016, is granted. The court reconsiders its earlier ruling of June 23, 2016 and finds that this matter is distinguishable for that in *Brookside Auto Parts, Inc.* [*v. Cleveland*,] 8th Dist. Cuyahoga No. 91721, 2009-Ohio-967, in that the City of Shaker Heights did in fact file with the transcript conclusions of fact supporting the final order, adjudication, or decision in the form of a letter to Appellants signed by the chairman of the Board of Appeals on behalf of the Board. Courts have not required conclusions of fact to take any specific form under R.C. 2506.03(A)(1), and an administrative body is not required to file a separate document entitled "Conclusions of Fact." *CBS Outdoor, Inc. v. Cleveland Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 98141, 2013-Ohio-1173, ¶ 37. Hearing set for 08/30/2016 is hereby canceled and the court will take the briefs of the parties under advisement for ruling.

**{¶13}** On August 30, 2016, the trial court affirmed the decision of the Board, stating, in pertinent part:

Upon consideration of the transcript and such additional evidence as the court has allowed to be introduced, the court affirms the order of the Board of Appeals of the City of Shaker Heights, finding the order is not unconstitutional, illegal, arbitrary, capricious, unreasonable, nor unsupported by a preponderance of substantial, reliable, and probative evidence on the whole record. The record of the hearing of the Board of Appeals of the City of Shaker Heights demonstrates that the City's sidewalk inspector found that one block of Appellant's sidewalk was a trip hazard in violation of the City's sidewalk standards, because it had a greater than one inch height difference from the sidewalk block next to it. The record further demonstrates that the Notice of Sidewalk Violation issued to Appellant Carole Koach regarding Appellant's jointly owned property is consistent with the policies, practices and ordinances of the City of Shaker Heights. The court finds that Appellants have not met their burden of overcoming the presumption of validity and reasonableness of the administrative decision and of affirmatively demonstrating the invalidity of the decision by a preponderance of the evidence. *See C. Miller Chevrolet, Inc. v. Willoughby Hills*, 38 Ohio St.2d 298, paragraph two of the syllabus, (1974).

As to Appellants' argument that City of Shaker Heights Municipal Ordinances at Chapter 155 are unconstitutional and in direct contradiction to state law, the court finds that R.C. 279.01 specifically allows municipal corporations to assess the cost of sidewalk repair "against the lots or lands abutting thereon." The court further finds that the City's policy does not violate Appellants' equal protection rights accordingly. The court overrules Appellants' assignments of error and affirms the order of the Board of Appeals of the City of Shaker Heights in upholding the Notice of Sidewalk Violation issued to Appellants.

{¶14} Appellants now appeal from the trial court's August 26, 2016 judgment.

## II. Law and Analysis

{¶15} In their first, second, and third assignments of error, appellants collectively argue the trial court erred by finding that the transcript filed by the Board complied with the requirements of R.C. 2506.03(A)(5). Appellants contend that the transcript failed to include the conclusions of fact supporting the Board's decision, and therefore, the trial court was required to hold a hearing to provide appellants with the opportunity to introduce additional evidence and witness testimony, "as provided for by R.C. 2506.03(A)(5) and R.C. 2506.03(B)." Accordingly, appellants submit

that by affirming the decision of the Board of Appeals without first having heard and considered additional evidence * * * and without having given due consideration to the affidavit filed by counsel pursuant to R.C. 2506.03(A), the trial court * * * denied [appellants] due course of law guaranteed by Article 1, Section 16 of the Ohio Constitution.

{¶16} When an appeal is taken under R.C. Chapter 2506 from a decision of an administrative agency, the appellant must file a praecipe with the administrative agency, who must then file "a complete transcript of all the original papers, testimony, and evidence that was offered, heard, and taken into consideration" in issuing the order appealed from. R.C. 2506.02. Judicial review of an administrative appeal is generally confined to a review of the transcript provided to the court by the administrative agency. *T.O.P. 1 Partners v. Stow*, 73 Ohio App.3d 24, 26, 595 N.E.2d 1044 (9th Dist.1991), citing R.C. 2506.03(A). An exception to this general rule is set forth at R.C. 2506.03(B), which provides an appellant with the opportunity to submit additional evidence to the court of common pleas when the administrative agency files a deficient or incomplete transcript. R.C. 2506.03 provides, in pertinent part,

(A) The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

* * *

(5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision.

(B) If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to that party.

**{¶17}** "'It has been held that the mandatory language of R.C. 2506.03 provides for the liberal supplementation of the record when the transcript provided under R.C. 2506.02 is inadequate or incomplete.'" *Ziss Bros. Constr. Co., Inc. v. Independence Planning Comm.*, 8th Dist. Cuyahoga No. 90993, 2008-Ohio-6850, ¶ 20, quoting *Aria's Way, LLC v. Concord Twp. Bd. of Zoning Appeals*, 173 Ohio App.3d 73, 2007-Ohio-4776, 877 N.E.2d 398. (Citation omitted.) "'This means a party is not limited to reproducing the evidence introduced at the administrative hearing * * *. Rather, the party now can introduce evidence which the administrative agency did not have the opportunity to hear.'" *Brookside*, 8th Dist. Cuyahoga No. 91721, 2009-Ohio-967, at ¶ 32, quoting *Gonda v. Austintown Twp. Bd. of Zoning Appeals*, 7th Dist. Mahoning No. 05 MA 14, 2006-Ohio-670, ¶ 35.

**{¶18}** However, R.C. 2506.03(A)(5) does not require the conclusions of fact to take any specific form and an administrative body is not required to file a separate document entitled "Conclusions of Fact." *CBS Outdoor, Inc. v. Cleveland Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 98141, 2013-Ohio-1173, ¶ 37. This court has stated

> as long as the court is able to discern the conclusions of fact from the record, a hearing would not be required. For example, in *Global World Peace v. Mayfield Hts. Planning Comm.*, 8th Dist. Cuyahoga No. 92848, 2010-Ohio-2213, although the city did not file conclusions of fact, the record contained sufficient detail for the court to discern the reasoning in support of the planning commissioner's decision, and therefore a hearing was not required.

*Id*. at ¶ 45.

**{¶19}** On appeal, appellants argue the statements contained in the October 13, 2015 "Decision of the Board of Appeals," did not constitute "conclusions of fact" as contemplated under R.C. 2506.03(A)(5). Appellants contend "that no matter what form conclusions of fact take, they must be conclusions of fact that the administrative transcript shows were originally

made by the administrative board," and "not a statement subsequently made at a later time by one member of a board that purports to state conclusions of fact reached by that board." Appellants submit that, "at best, the Chairperson's October 13, 2015 letter is only a statement of *his own conclusions* of fact, and not necessarily those of the other members of the Board of Appeals." (Emphasis added.) We disagree.

**{¶20}** After careful review, we find the Board's October 13, 2015 letter to the appellants, entitled "Decision of the Board of Appeals"[1] contained sufficient detail for the trial court to provide a meaningful review of the facts and evidence supporting Board's decision to deny appellants' appeal. Specifically, the decision contained an enumerated section of the Board's "findings of fact," which summarized the relevant testimony and exhibits presented by the parties during the October 7, 2015 hearing. In addition, the decision rendered "conclusions of law" that referenced the facts adduced at the hearing and offered "insight into what evidence the board found dispositive in making its decision." *Id.* at ¶ 25. Moreover, we find the decision was clearly sent on behalf of the Board and was not merely a reflection of the chairperson's personal summation of the facts and conclusions. The letter expressly stated that it was sent to "inform you of the decision of *the Board*," and indicated that "*the Board*" rendered the findings of fact and conclusions of law set forth therein. (Emphasis added.)

**{¶21}** Based on the foregoing, we find the Board properly filed conclusions of fact "with" the transcript as required under R.C. 2506.03(A)(5). *See Brookside*, 8th Dist. Cuyahoga No. 91721, 2009-Ohio-967, at ¶ 27 ("R.C. 2506.03(A)(5) requires that conclusions of fact be filed 'with' the transcript. Words in a statute must be given their common, plain, and ordinary

---

[1] During the October 7, 2015 hearing, the chairperson of the Board informed the parties that upon hearing the evidence and arguments made by both sides, the Board would "take the case under advisement and issue a written decision within 14 days."

meaning unless a contrary intention clearly appears or is otherwise indicated."). Contrary to appellants' position, the transcript of record provided under R.C. 2506.02 is neither inadequate nor incomplete. Accordingly, the trial court did not err as a matter of law by denying appellants' motion to supplement the administrative record pursuant to R.C. 2506.03(A)(5) and 2506.03(B). In addition, we find the trial court did not err as a matter of law when it determined, without accepting additional evidence, that the Board's decision "was not illegal, arbitrary or unreasonable, and was supported by the preponderance of substantial, reliable and probative evidence on the whole record."[2]

{¶22} Appellants' first, second, and third assignments of error are overruled.

{¶23} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR
KEY WORDS:

---

[2] Appellants do not challenge the trial court's judgment beyond its decision denying appellants' motion to introduce additional evidence at a hearing pursuant to R.C. 2506.03(A)(5) and 2506.03(B).